SALLIE J. COOK et al v. L. F. ROSS.

*Mechanics Lien—Superintendent of Work.*

One who, under a contract, assists the owner of a factory in purchasing machinery and superintends the erection of the same and the putting the factory in working order, but does no manual labor himself, is not entitled to a lien, mechanic's or laborer's, under Section 1781 of *The Code.*

CIVIL ACTION, heard on exceptions to a referee's report before *Boykin, J.,* at July Special Term, 1895, of GUILFORD

117—13

Superior Court.   His Honor sustained the exception and plaintiff, F. L. Emery, appealed.   The facts appear in the opinion of Associate Justice MONTGOMERY.

*Messrs. L. M. Scott* and *R. M. Douglass*, for plaintiff, F. L. Emery (appellant).
*Messrs. J. T. Morehead* and *J. N. Wilson*, for defendant.

MONTGOMERY, J.:   The plaintiff Emery claimed a balance to be due to him by lien for work and labor done as a mechanic.   The matter was referred to T. J. Shaw to take the evidence and find the facts and conclusions of law arising therefrom, who proceeded under the order of reference and made his report.   His 5th finding of fact is as follows: "On the 7th of September, 189—, after having inspected the property and machinery said Emery and Ross entered into the following contract, to-wit: Emery in consideration of $6 per day, traveling expenses and board to be paid by Ross, agreed to assist Ross in purchasing such new machinery as would be needed for the Hamburg property, and was to superintend the erection and starting up of the same and the making of such repairs to the mill as might be necessary to put it in good condition for making yarns, and he was to continue in the employ of Ross under said contract from said date till the mill was put in running condition."   Upon this finding of fact the referee concluded as matter of law "that defendant is indebted to plaintiff Emery in the sum of $600, &c., balance due for work and labor done under the contract.   The defendant and also some new parties to the original action who claimed an interest in the premises excepted to this conclusion of law made by the referee, and say that it should be amended by striking out the words "for work and labor done."   His Honor upon the hearing sustained the exception and the plaintiffs appealed.

SCOTT *v.* BALLARD.

The only construction which can be put upon the plain language of the finding of fact ends the plaintiff's contention that he has a lien under the statute, as a mechanic, for work and labor done. He was superintendent of the work which was done. He was in no sense employed as a laborer for the day to regularly do toilsome and manual labor. His business under the agreement was not to labor with his hands but to superintend those who were subjected to his authority. . *Whitaker* v. *Smith*, 81 N. C., 340. There was no error in the ruling of his Honor in sustaining the exception, and that puts an end to the plaintiff's claim for a lien under the statute. It is unnecessary for us to consider the other exception.

                                              No Error.