TOWN OF SHELBY v. J. F. TIDDY, Assignee of FLACK & CO.

*Taxation—Taxes on Personal Property—No Lien Until Levy—Assignment of Personal Property Before Levy for Taxes.*

1. Although a tax list when placed in the hands of a sheriff for collection has the force of a docketed judgment and execution as to real estate, it creates no lien on personal property, until levied, as against *bona fide* purchasers for value from the taxpayer's assignee for benefit of creditors.

2. Where an assignee for the benefit of the creditors of a taxpayer, sells personal property of his assignor, on which a tax had been assessed but not levied prior to the assignment, the proceeds in the hands of the assignee are not subject to garnishment for the payment of the tax, but belong to the creditors.

CIVIL ACTION, heard before *Timberlake, J.*, at Fall Term, 1895, of CLEVELAND Superior Court, on a case agreed as follows :

" I. That the town of Shelby is a corporation, with full powers to levy and collect taxes upon all species of property.

" II. That J. M. Flack & Sons, on the 1st day of June, 1894, were merchants and doing business in the town of Shelby, and on that day had in their stock $6,331 worth of goods, wares, merchandise, &c., which, on said first day of June, they listed on the tax-list for the town of Shelby ; that the said J. M. Flack & Sons had other property, such as household and kitchen furniture, which they listed at the same time.

" III. That the town levy for the year 1894 was 73 cents on the $100 worth of property, and that the town tax on the said $6,331 for the said year of 1894 amounted to $46.23, which was entered upon the tax lists of the

town of Shelby, and said lists placed in the hands of the town constable at the time prescribed by law.

"IV. That the said J. M. Flack & Sons made an assignment of their said stock of goods, wares and merchandise, on the 19th day of November, 1894, to J. F. Tiddy as assignee, for the benefit of their creditors, and the said J. F. Tiddy at once took possession of the same; that said stock of goods assigned, being the said property listed by the said J. M. Flack & Sons as above on the 1st day of June, 1894, a copy of said deed of assignment hereto attached marked " A " and made a part of this agreement.

"V. That the taxes on said stock of goods, listed for taxation on the 1st day of June, 1894, and assigned to J. F. Tiddy on the day aforesaid, have not been paid, and the same are still due and owing.

"VI. That the assignee sold said stock of goods in lump a few days after said assignment for the sum of $5,000.00, and transferred the same to the purchaser, and while a part of the purchase-money of said goods was in the hands of said J. F. Tiddy as assignee aforesaid, he was served with garnishment for said taxes by the town of Shelby and the constable of said town, and the same was heard before H. Cabiness, J. P., and judgment entered against the said J. F. Tiddy as assignee aforesaid for the sum of $46.23 and cost of garnishment, from which said judgment the said Tiddy appealed to the superior court.

"VII. That the said J. M. Flack & Sons reserved their personal property exemptions, and had them at institution of this action.

"Upon the foregoing statement of facts, if the court should be of the opinion that the plaintiffs are entitled to recover the aforesaid tax from the assignee aforesaid, then it is agreed that judgment may be entered accordingly;

otherwise judgment may be entered against the plaintiffs for the cost of this action."

His Honor held that the plaintiff was not entitled to recover, and gave judgment for defendant, and from this judgment the plaintiff appealed.

*Mr. M. H. Justice*, for plaintiff (appellant).
*Mr. R. L. Ryburn*, for defendant.

FURCHES, J.: The judgment of the court below must be affirmed.

A tax is said to be an enforced liability or indebtedness for the support of government. But this is a personal liability, and of itself creates no lien on the property of the tax payer. A lien may be created by law for the payment of this liability, as well as other indebtedness. When taxes are assessed and placed in the hands of the tax collector for collection, this is equivalent to a docketed judgment and execution thereon placed in the hands of the sheriff. A docketed judgment creates a lien on the real estate of the defendant. *Code*, Sec. 435. But it creates no lien on personal property until levied as against a *bona fide* purchaser. *Code*, Sec. 448 (1). It cannot be contended that tax lists in the hands of the tax collector have a greater force than an execution in the hands of the sheriff. And as it is admitted that there was no levy made on the goods of Flack & Co., assigned to defendant for the benefit of creditors, and that defendant had sold them and collected the purchase-money before the commencement of this action, it is clear that plaintiff had no lien on these goods for the payment of this tax. And if it had no lien, it had no claim of any kind against them, as there is nothing in the case to create an equity.

This being so, and plaintiff not being able to levy on the goods, proceeded by attachment against the defendant,

SHELBY *v.* TIDDY.

who still had a part of the proceeds of the sale of this property in his hands, and which plaintiff alleges is liable for this tax. In this proceeding the plaintiff must fail, for two reasons : First, for the reason that the money, still in the hands of defendant, arising from the sale of the goods. assigned to him, does not belong to Flack & Co., the tax debtors, but to their creditors, under the terms of the deed of assignment. Therefore, the defendant owes Flack & Co. nothing ; and, second, for the reason that it is admitted, in the case agreed, that the tax debtors, Flack & Co., asked, in addition to the homestead reserved, and took, the personal property exemption of $500, allowed them by law out of the partnership effects assigned to defendants. And they still had this on hand at the commencement of this proceeding.

This property was not exempt from the payment of this tax. And neither the plaintiff nor the tax collector could proceed by attachment and garnishment until this property was exhausted, had defendant been indebted to Flack & Co. Act of 1895, Ch. 119, Sec 1 ; Act 1893, Ch. 296, Sec. 1.

There is no error and the judgment is affirmed.

Affirmed.