HOMER W. NASH v. C. H. SOUTHWICK and L. P. McLoud, Assignee of C. H. Southwick.

*Mechanic's and Laborer's Lien—Bookkeeper—Scope of Employment.*

1. Where plaintiff was employed as a bookkeeper and "to make himself generally useful," during reconstruction of a hotel building, the fact that he occasionally did manual labor during the remodeling does not entitle him to a mechanic's lien, such manual work not being within the scope of his employment.

2. One acting as a bookkeeper for the reconstruction of a building is not entitled to a laborer's lien.

CIVIL ACTION, tried before *Bryan*, *J.*, and a jury, at August, 1896, Term of BUNCOMBE Superior Court. The facts are stated in the opinion of the court. There was a verdict for $267.96 in favor of the plaintiff, and from the judgment thereon defendants appealed.

*Messrs. Moore & Moore*, for plaintiff.
*Mr. F. A. Sondley*, for defendants (appellants).

MONTGOMERY, J.: Southwick, the lessee of the property known as Hotel Berkley, in the City of Asheville, was, in the fall of 1893, engaged in having the property repaired and remodeled, and employed the plaintiff, according to his testimony, as his general clerk and bookkeeper, and further, in witness's own language, the plaintiff was "to make himself generally useful during such reconstruction

of the Hotel Berkley" at the fixed salary of $80 per month. The plaintiff was, by the contract, to be at the hotel all the time.   It was agreed between Southwick and the plaintiff that, when the repairs on the hotel should be completed, the latter was to be the clerk and steward at the hotel.

The witness, Southwick, also stated "that the plaintiff was engaged as a laborer in the actual work of repairing and reconstructing the hotel about one-half of the time during which he was employed by the witness, but he was not employed, to do work of that kind."   The deposition of the defendant was read in evidence, and it contained nothing contradictory of, or inconsistent with, the matters testified to by Southwick.

His Honor instructed the jury "that, if from all the evidence in the case, they were satisfied that the plaintiff was employed to aid in the actual work of reconstructing the hotel, and that he, in pursuance of the contract of employment entered into between him and the defendant, Southwick, did actually aid in the work of constructing the hotel, they should answer the first issue—"Is the plaintiff entitled to a lien upon the leasehold property in the Hotel Berkley described in the complaint?"—Yes.   There was error, for the reason that there was no evidence tending to show such work by contract between him and the defendant, Southwick.   In fact, the evidence was that he was not employed to do such work.   Where there is no evidence the court should not leave the issue to be passed upon by the jury. *Covington* v. *Newberger*, 99 N. C., 523; *State* v. *Powell*, 94 N. C., 965.   The plaintiff was not entitled to a lien on the property for his services as bookkeeper.   *Whitaker* v. *Smith*, 81 N. C., 340; *Cook* v. *Ross*, 117 N. C., 193.   The judgment, in so far as it declares that the plaintiff is entitled to a laborer's lien upon the lease of the defendant, Southwick, in the hotel property to the amount of $267.96,

with interest thereon, is erroneous, and is reversed, as is also that part of the judgment ordering a sale of the property for the purpose of having the lien satisfied.   The balance of the judgment is affirmed.

Affirmed.