CHARLES M. BRUCE, trustee, et al. v. CAROLINA QUEEN CONSOLIDATED MINING COMPANY and FRANK W. BOYD.

(Filed 20 May, 1908).

1. **Trusts and Trustees — Bondholders — Action to Foreclose — Defenses of Caretaker.**

   One who was put in possession of mortgaged real property of a corporation as a caretaker cannot resist a possessory action brought by the trustee in behalf of the bondholders, when the corporation makes neither defense nor objection, nor contests in its own right the validity of the mortgage.

2. **Procedure—Reference—Trial by Jury Waived.**

   When it appears of record that no exception was entered to a reference of the cause, and that the parties unmistakably signified their consent in writing, a subsequent demand for a jury trial cannot be considered.

3. **Corporations—Liens for Labor—Caretaker.**

   A caretaker cannot acquire a lien upon the real property of a corporation he has taken charge of under agreement that he was

to receive for his services the use thereof and pay the taxes thereon and take care of the property of the company without charge.

**4. Same—Statute Not Complied With—Requirements.**

To constitute a lien under the statute for work and labor done for a corporation, it must not only be actual work and labor done, but it must be done under a contract to that effect, and the statute in regard to filing such liens must be complied with.

ACTION to recover of the defendant Boyd possession of the lands and mining property belonging to the defendant corporation. The cause was referred to Referee M. Silver, by consent. The referee made his report, and the matter was heard by his Honor, *Judge Peebles,* at December Term, 1907, of the Superior Court of BURKE County, who overruled all exceptions to the report of the referee and confirmed his report.

The defendant Frank W. Boyd appealed.

*Avery & Ervin* and *J. T. Perkins* for plaintiffs.

*W. S. Pearson, J. M. Mull* and *R. L. Huffman* for defendants.

BROWN, J., after stating the facts: 1. The evidence supports the finding that this defendant was placed in possession and charge of the land belonging to the defendant mining company as a caretaker by the officers of the corporation. As the action is brought against him by the trustee of the mortgage bondholders of the mining corporation to recover possession of the land, to which the corporation does not object and files no answer, it is elementary that the defendant Boyd can no more contest his title than he could that of the corporation itself, whose officers employed him and placed him in charge of its property.

The action is brought by Bruce, trustee of the bondholders under a mortgage, which the corporation does not contest, for possession of the property and for an accounting from Boyd for alleged profits received by him from the property. Being a mere agent or caretaker, it does not lie in his mouth to con-

test the validity of a mortgage admitted by the corporation who hired him.  The referee and his Honor very properly sustained the demurrer to his amended answer.

2. The demand for a jury trial cannot be entertained.  Not only does the said defendant ask for a reference in his answer of June Term, 1906, but when a reference was ordered at December Term, 1906, it was in express terms a reference by consent.  The defendant's counsel not only did not note any exception to the order of reference, but in unmistakable terms signified their consent in writing.  It is now too late to demand a jury trial upon any issue.  *Nissen v. Mining Co.,* 104 N. C., 309; *Driller Co. v. Worth,* 117 N. C., 518.

3. The only other question presented in the record which we deem necessary to consider is as to whether Boyd has any lien on the property for his services as caretaker.  The referee finds in substance that the corporation agreed to pay Boyd $25 per month for his services, and that on 1 January, 1888, this contract terminated, and that Boyd continued in possession for the corporation as caretaker for the use of the farming lands and sawmill, under the following resolution of the directors of 17 February, 1888:

"On motion of Dr. Lighthill, it was voted to give to Mr. Frank Boyd the use of the farming lands and sawmill, if he will pay the taxes on the company's property and take care of the property of the company without any charge."

Even if the corporation owed this defendant anything for his services in taking care of the property, under our decisions he would have no lien on the property for work and labor done, had he complied with the statute and filed his alleged lien with the proper officer.  To constitute a lien for work and labor done, it must not only be actual work and labor done, but it must be done under a contract for actual work and labor.  *Moore v. Railroad,* 112 N. C., 236; *Cook v. Ross,* 117 N. C., 193; *Broyhill v. Gaither,* 119 N. C., 443; *Nash v. Southwick,* 120 N. C., 459.  But this question is

entirely eliminated by the finding of the referee, supported by the evidence, that this defendant during his encumbency of the property has applied all the proceeds of the farming lands and the rents and toll gold and the proceeds of his own working of the mines to his own use, and is actually indebted to the corporation in the sum of $300 for tan bark and timber cut, sold and appropriated by him. We are of opinion that his Honor properly overruled the exceptions and confirmed the report of the referee.

The judgment of the Superior Court is

Affirmed.