J. E. ALEXANDER et al. v. T. L. FARROW et al.

(Filed 24 November, 1909.)

1. Deeds and Conveyances — Assignment — Liens — Priorities — Taxes—Levy.

The sheriff and tax collector of a county are not entitled to priority of payment of taxes by the trustee of a corporation under a deed of assignment over creditors who reduced their claims to

judgment and had execution issued before the assignment was executed and recorded, the property being personal and they having failed to levy for the taxes due them, respectively. Revisal, 2863.

2. **Corporations — Officers — Laborers and Workmen — Statutory Liens—Interpretation of Statutes.**

Officers and owners of a corporation are not entitled, under Revisal, sec. 1206, to priorities of payment for work and labor done by them over the other creditors, as such officers do not come under the meaning of the words "laborers" and "workmen" used in the statute, and were not so intended.

APPEAL from *E. B. Jones, J.,* September Term, 1909, of FORSYTH.

Appeal by certain defendants, other than Farrow.

The action was brought by J. E. Alexander, assignee and trustee of the K. Howard-Fitch Company, a corporation, against the creditors of the corporation, to have determined the priority of their claims in the distribution of its assets. Certain creditors obtained judgments against the corporation, and, upon execution issued thereon, the sheriff of the county levied the same upon the property of the corporation, consisting entirely of personal property. Subsequently, and on the same day, the corporation made a deed of assignment to J. E. Alexander, trustee, to secure its creditors equally and *pro rata.* The sheriff of the county and the city tax collector filed their claims, respectively, for the taxes due by the corporation to the State and county and the city of Winston. F. M. Fitch and L. W. White each filed a claim for $40, for services rendered as laborers; and the sheriff, the tax collector of the city, Fitch and White each claimed a priority of payment over the judgment creditors, whose executions had been levied. Neither the sheriff nor the city tax collector had levied for taxes due. As to the claims of Fitch and Howard, his Honor finds the following facts: "They were officers of the corporation; Fitch was secretary and treasurer, and White was vice-president. These two, with John T. Martin, who was president, were all the stockholders of the corporation and filled all its offices; that Fitch and Howard, each within two months prior to the assignment, did manual labor for the company, such as buying and selling furniture, repairing same, hauling and delivering furniture, sweeping the store, collecting its bills, and the like." His Honor adjudged that the sheriff, city tax collector and Howard and Fitch were entitled to be paid prior to the judgment creditors. They duly excepted and appealed to this Court. The trustee, Alexander, reported that the assets of

the corporation were insufficient to pay the judgment creditors, in full, their judgments, and the creditors whose claims were adjudged to have priority of payment.

*L. M. Swink* for appellants.
*W. T. Wilson* for defendants Fitch and White.

MANNING, J.   The Sheriff of Forsyth County and the tax collector, Farrow, of the city of Winston are not entitled to priority of payment before the creditors in whose favor judgments were taken and execution levied, before the deed of assignment was executed and recorded.   The officers did not levy for the taxes due them, respectively, and the property of the corporation consisted entirely of personalty.   Revisal, sec. 2863; *Shelby v. Tiddy,* 118 N. C., 792.   The claim of those judgment crditors, whose executions were levied before the registration of the deed of assignment, to priority of lien and payment, before all creditors claiming under and through the deed of assignment, is not contested.   Fitch and Howard, however, claim priority for their demands of $40 each, under section 1206, Revisal.   Under the facts found by his Honor, we do not think they are included within the provisions of that section.   They were officers of the corporation and directors; they controlled, not only in the stockholders' meetings, but in the meetings of the directors, and thereby controlled and managed the corporation. Their interest as stockholders and directors and officers was sufficient to induce them, in every way possible, to make the business of the corporation profitable; they were familiar with its entire business and its financial condition.   By whom they were employed, or that they were regularly employed at all, is not found by his Honor, nor is there any allegation or evidence upon either of these matters; all that is found by his Honor is that they performed the services mentioned.   It may well be that these were performed with a view to make the business of the corporation profitable to themselves, as stockholders, and were rendered to prevent the bankruptcy of the corporation in which they were so largely interested and which they controlled. In New Jersey, which State has a statute substantially of the same meaning and language as ours, the Chancery Court of that State says, in *Weatherby v. Woolen Co.,* 29 Att. Rep., 326: "The preference given by the sixty-third section of the corporation act is in derogation of the right of creditors to be paid equally, and must not be extended by construction.   Officers can only be included in the phrase, 'laborers and employees,' by construction,

and that, too, of a very strained character. It cannot be that the Legislature, in any of the enactments respecting preferences, meant to include officers in the words 'laborers' or 'employees,' for there has been no period in the history of legislation upon this subject when these different classes have not been broadly distinguished." *England v. Organ Co.,* 41 N. J. Eq., 470; *Coal Co. v. Railroad,* 29 N. J. Eq., 252; *In re Stryker,* 158 N. Y., 526.. In *Bruce v. Mining Co.,* 147 N. C., 642, this Court said: "To constitute a lien for work and labor done, it must not only be actual work and labor done, but it must be done under a contract for actual work and labor. *Moore v. Railroad,* 112 N. C., 236; *Cook v. Ross,* 117 N. C., 193; *Broyhill v. Gaither,* 119 N. C., 443; *Nash v. Southwick,* 120 N. C., 459." While in the present case no contract for work and labor is found, and although some of the work actually done by the claimants was the work of ordinary laborers or employees, we think it more in accordance with the policy of the statute to hold that officers of a corporation are not embraced within the words "laborers" and "workmen," used therein. To hold otherwise would be to open wide the door for frauds upon creditors who extend credit to the corporation and deal with it upon their faith in its management by its officers. For the reasons given, the judgment of his Honor is erroneous, and the appellants, judgment creditors, are entitled to be paid their judgments before distribution to the sheriff, tax collector and Fitch and White.

Error.