### PHŒNIX IRON COMPANY v. ROANOKE BRIDGE COMPANY.

(Filed 22 September, 1915.)

**Liens — Insolvent Corporations — Contracts — Laborer — Interpretation of Statutes.**

A contractor furnishing his own teams, labor, etc., in hauling materials for the building of a bridge by a corporation having since become insolvent within the two months next preceding the date of the institution of the proceedings in insolvency, is not engaged in doing labor or performing "service of whatever character" within the meaning of Revisal, sec. 1206, giving a laborer a "first and prior lien upon the assets of such corporation," the statute not applying to independent contractors, whose loss or profits are regulated under their contract.

APPEAL by the defendant and the receivers from *Carter, J.,* at the April Term, 1915, of NASH.

Petition in the cause. From the judgment rendered the Manufacturers Finance Company, a creditor of the defendant, together with the receivers, appealed.

*F. S. Spruill and L. V. Bassett for the appellants.*
*George V. Cowper, R. H. Lewis, Jr., for the appellees.*

BROWN, J. The defendant is a corporation, chartered under the laws of Virginia, and has been declared insolvent, and receivers appointed in that State for its assets. The Virginia receiver, J. H. Schonley, and Jacob Battle were appointed ancillary receivers for the assets of the corporation in this State by order made in this proceeding. A petition is filed by Simon Foss and others whose names are in section 4 of the decree of *Carter, judge,* setting out their debts against the said defendant, and asking to be declared preferential creditors under section 1206 of the Revisal, which reads as follows:

"*Wages for two months lien on assets.* In case of the insolvency of any corporation, the laborers and workmen and all persons doing labor or service of whatever character in the regular employment of such corporation, shall have a first and prior lien upon the assets thereof for the amount of wages due to them respectively for all labor, work, and services done, performed or rendered within two months next preceding the date when proceedings in insolvency shall be actually instituted

and begun against such insolvent corporation, which lien shall be prior to all other liens that can or may be acquired upon or against such assets."

It is useless to consider the right of the receivers to appeal in a case of this kind, as the same point is involved in the appeal of the Manufacturers Finance Company, and we will, therefore, consider the question on its merits.

It appears from the findings of fact that the defendant contracted with the board of commissioners of Lenoir County to construct a bridge across Neuse River; that the defendant employed in the work of construction one of its regularly organized construction crews, together with certain unskilled helpers, hired for stipulated wages by the foreman in charge of the work.

In order to secure the transportation from its point of delivery along the railroad to the bridge of the structural steel, cement, and much of the stone entering into the construction of said bridge, the foreman of defendant entered into a contract with the petitioners, Simon Foss and others, citizens of Lenoir County, to transport the said material at the contract price of 12½ to 15 cents per hundred pounds; that a similar contract was made with others for the transportation of other material entering into the construction of said bridge by water from New Bern to the said bridge site.

These petitioners, according to the sworn affidavits filed, setting out their indebtedness, furnished teams and wagons, some furnishing one team, and some furnishing as many as four, together with the drivers for the said teams, and hauled the said material at the contract price above named, from its point of delivery along the railroad to the bridge site. The amounts due them are set out in the report of the receivers and in the affidavits filed by the said petitioners.

His Honor held that the claims of the petitioners came within the purview of the statute, and that they were entitled to a decree giving them preference over other creditors in the distribution of the North Carolina assets of the corporation. In this we think there is error.

The language of the statute is plain and free from ambiguity and expresses a single, definite and sensible meaning. This meaning is conclusively presumed to be the meaning which the Legislature intended to convey. The language used is admirably fitted to give expression to the legislative intent with respect to the favored class of creditors to which it undertakes to accord preferential treatment in the distribution of the assets of insolvent corporations, and small latitude is afforded for speculation. The favored creditors are *"laborers and workmen and all persons doing labor or service of whatever character in the regular employment of certain corporations."*

In *Rogers v. Dexter and P. Railroad Co.,* 85 Me., 372, 21 L. R. A., 528, it is said:

"Etymologically the word 'laborer' may include any person who performs physical or mental labor under any circumstances, but its popular meaning is more limited. The farmer toiling on his own farm, the blacksmith working in his own shop, the tailor making clothes for his own customer is not called a laborer. One who performs physical labor, however severe, in his own service or business is not a laborer in the common business sense. A contractor, who takes the chance of profit or loss, is not a laborer in that sense. In the language of the business world, a laborer is one who labors with his physical powers, in the service and under the direction of another, for fixed wages. This is the common meaning of the word, and hence its meaning in the statute."

See, also, *Indianapolis Co. v. Brennan,* 30 L. R. A., N. S., 85. In that case the Supreme Court of Indiana, construing a similar statute to ours, says, after quoting the *Rogers case, supra:* "Quotations in support of our contention might be made from many of the other authorities hereinbefore cited, but to do so is unnecessary, and would only serve to extend this opinion. It must follow, and we so hold, that the term 'laborers' as used in the title of the act in question, cannot be interpreted or construed to apply to a class of persons denominated and known as contractors, and was not so intended by the Legislature."

See, also *Moore v. Industrial Co.,* 138 N. C., 304; *Alexander v. Farrow,* 151 N. C., 320.

In *Fortier v. Delgado,* 59 C. C. A., 180, 122 Fed., 604, it was held that contractors for the work of loading sugar cane onto cars at a certain price per ton are not workmen or laborers employed on a plantation, within the meaning of a statute giving preference to their wages.

In *Moyer v. Slate Co.,* 71 Pa., 293, 298 (8 Words and Phrases, page 7523), it was held that the term "mechanics, workmen, and laborers employed by the company," in an act incorporating a slate company, which provides that the stockholders shall be individually liable for debts due mechanics, workmen, and laborers employed by the company, does not include a teamster using his own team and contributing his own time in hauling slate for the company for certain compensation, nor of a wagonmaker repairing wagons for the company." See, also, *Louisville, Evansville and St. Louis Railroad Co. v. Wilson,* 138 U. S., 501 (34 L. Ed.), 1023, 1025; 5 Labatt Master and Servant (2 Ed.), sec. 1946a.

The term "wages," in its legal as well as in its popular sense, has been defined in many cases, and means the compensation given by a master or employer to a hired person or employee. The law contem-

plates a hiring. Upon this theory, the word "wages" as used in the Pennsylvania statute of 9 April, 1872, relating to liens for wages, was declared by the Supreme Court of Pennsylvania to imply a hiring, and the relation of employer and employee, master and servant, and the preference given by the act cannot inure to the benefit of a contractor who does work or employs others to do it at a contract price. *Diller v. Frantz,* 17 Pa. Ca. Ct. R., 306; 8 Words and Phrases, 7369. See, also, 5 Labatt Master and Servant (2 Ed.), sec. 1940; 2 Lewis Southerland Statutory Construction, sec. 422.

In *Vane v. Newcombe & Smith, Receivers of Bankers and Merchants Telegraph Co.,* 132 U. S., 220 (33 L. Ed.), 310, the plaintiff, having contracted with the company to string, at a stipulated price per mile, telegraph wires, to be furnished by the company, on and along a line of poles owned by it, upon the completion of such undertaking, sought, in pursuance of the provisions of Revised Statutes of Indiana, secs. 5286 and 5287, giving employees of corporations "a first and prior lien upon the property of such corporation, and the earnings thereof, for all work and labor done and performed," to assert a lien for the amount due him under said contract. In discussing the matter, *Mr. Justice Blatchford,* speaking for a unanimous Court, said:

"The case was heard on these exceptions (to report of master) by *Judge Woods,* holding the Circuit Court. His opinion recites the material findings of the master, and then says: 'In the opinion of the Court, the petitioner had no lien at common law or in equity, and was not an employee of the telegraph company within the meaning of the statute referred to by the master. To be entitled to the benefits of this statute, and other of like character since enacted, I think it clear that the employee must have been a servant, bound in some degree at least to the duties of a servant, and not, like the petitioner, a mere contractor, bound only to produce or cause to be produced a certain result—a result of labor, to be sure—but free to dispose of his own time and personal efforts according to his pleasure, but without responsibility to the other party. In respect to the sums found due the petitioner, the report is confirmed; but, to the allowance of a lien, exceptions sustained.'"

See, also, *Todd v. R. R.,* 18 L. R. A., 305; *In re Clark,* 52 N. W. Rep., 637; *In re Bookbinding Co.,* 42 Atlanta, 575; *People v. Remington,* 45 Hum., 329; *Littlefield v. Morrill,* 97 Me., 505; *In re Stryker,* 158 N. Y., 526.

It is useless to quote further authorities. They are practically unanimous in holding that under the facts of this case the petitioners were not servants or employees of the defendant, but were contractors furnishing, not only their own labor and the labor of others, but that of their teams and wagons, all of which entered into the making up of the contract price for the transportation of material to the bridge site.

We are of opinion that under the statute the petitioners are not entitled to preference over other creditors of the defendant.

Let the costs be taxed against said petitioners, whose names are set out in section 4 of the decree of *Judge Carter*.

The judgment of the Superior Court is

Reversed.