W. D. CARSTARPHEN AND T. L. SMITH v. TOWN OF PLYMOUTH, E. W. CHESSON, TAX COLLECTOR, AND MRS. M. W. CAHOON.

(Filed 19 September, 1923.)

**1. Taxation—Payment Under Protest—Actions—Rights and Remedies.**

Where the owner resists the payment of taxes as unlawful, he is required to pay them under his protest and sue to recover them. C. S., sec. 7979.

**2. Taxation—Personal Property—Liens—Levy.**

The lien for the payment of taxes assessed against personal property attaches only from the date of levy thereon (C. S., secs. 7986, 2815), subject to certain exemptions specified in Const., Art. V, secs. 3 and 5.

**3. Same—Vendor and Purchaser—Rights and Remedies—Statutes.**

Chapter 38, Public Laws of 1921, requires the owner, etc., to list his property for taxation in a manner prescribed, as of the first day of May, making his willful failure to do so a misdemeanor, with provision for his punishment, the lists to be given in by him to the proper authorities in the months of May and June, giving power to the county board of commissioners or governing body of any municipal corporation, on his failure to have done so, to enter or list the same, with certain penalties added, for a period of five back years, etc.: *Held,* where a seller of a stock of merchandise had failed to list it, and, after the first of May, had sold it to the plaintiff, and the county commissioners or governing body of a municipality had failed to list the same as the statute requires, no lien attaches against the stock of merchandise in the purchaser's possession, and he holds the same, free from any lien or demand for the payment of the taxes on the unlisted personalty, the remedy of the municipality being against the seller, constituting a lien on his other personal property from time of levy, and on his real property from 1 June. C. S., sec. 7987, for the time prescribed.

APPEAL by defendant from *Kerr, J.,* at April Term, 1923, of WASHINGTON.

The essential facts are set forth in the case agreed between the parties, and are as follows:

"1. That on 9 May, 1922, and prior thereto, Mrs. M. W. Cahoon was the owner of a stock of merchandise and certain store fixtures in the town of Plymouth, N. C., and conducted a retail mercantile business.

"2. That on 19 May, 1922, in consideration of the sum of $12,000, Mrs. M. W. Cahoon conveyed said stock of merchandise and fixtures to W. D. Carstarphen and T. L. Smith; that a copy of her conveyance is hereto attached and marked 'Exhibit A.'

"3. That on 7 June, 1922, the list-taker of Plymouth Township, Washington County, listed said stock of merchandise for taxation, the same not having been listed by either the plaintiffs or the defendant, Mrs. M. W. Cahoon.

"4. That on 13 February, 1923, E. W. Chesson, said tax collector of the town of Plymouth, demanded payment of the taxes assessed against the said stock of merchandise, said taxes amounting to $141.60, and threatened to levy upon said property immediately if same were not paid, and that said amount was paid by said Carstarphen and Smith under their protest, in writing, in proper form, to said tax collector.

"5. That on or about 19 February, 1923, the plaintiffs, Carstarphen and Smith, caused to be served upon the said E. W. Chesson, tax collector, and the surety upon the official bond of said officer and the town of Plymouth, notice in due and proper form, demanding a refund of the said sum of $141.60, same being taxes on said stock of goods paid by them under protest.

"6. That plaintiffs, Carstarphen and Smith, have also made demand upon Mrs. M. W. Cahoon for the sum of $141.60, alleging that said amount was due said Carstarphen and Smith by virtue of the clause of warranty contained in her bill of sale.

"7. That neither Mrs. M. W. Cahoon nor said E. W. Chesson, tax collector, has refunded the said sum of $141.60, and refuse so to refund the same."

EXHIBIT A.

NORTH CAROLINA—Washington County.

*Know all men by these presents:* That I, Mrs. M. W. Cahoon, of the State and county aforesaid, for and in consideration of the sum of $12,000 to me this day secured by W. D. Carstarphen and Thomas L. Smith, of said county and State, do hereby sell, assign, transfer, and set over to the said W. D. Carstarphen and Thomas L. Smith, their heirs and assigns, forever, all of the following-described personal property:

All of that certain stock of dry-goods, merchandise and wares now in the store building in the town of Plymouth owned by Mrs. L. M. Hampton and formerly used by Cahoon's Quality Shop as a place of business,

said business being owned by me in my own right, together with all furniture and store fixtures, including counters, show-cases, chairs, and all other fixtures now in said place of business and formerly used in connection therewith.

To have and to hold the same unto said W. D. Carstarphen and Thomas L. Smith, their heirs and assigns, forever.

And the said Mrs. M. W. Cahoon, for herself, her heirs and assigns, covenant with and represent to the said W. D. Carstarphen and Thomas L. Smith, their heirs and assigns, that the said property is hers, absolutely, and that the same is free and clear of all liens and incumbrances, and that she will forever warrant and defend the title to the same against all lawful claims and demands.

Said W. D. Carstarphen and Thomas L. Smith accept the said property in the condition that the same is now, and agree that in the future purchase of stock and other property for said business that they will purchase the same in their own names and apprise any creditors that they are sole owners of said business, and will do nor permit nothing to be done which will entail further liability or responsibility on the part of the said Mrs. M. W. Cahoon in their operation of the same.

In witness whereof, the said Mrs. M. W. Cahoon has hereunto set her hand and seal, this the 9th day of May, 1922.

Witness: A. L. OWENS.            MRS. M. W. CAHOON. [Seal]

The court below rendered the following judgment:

"This cause coming on now to be heard at this term of the court, before his Honor, J. H. Kerr, judge presiding, upon the agreed statement of facts, and being heard:

"It is, therefore, ordered, adjudged and decreed by the court that the plaintiffs are not liable for the taxes collected from them, under protest, by the defendant tax collector, and that they took the said property free and discharged of any lien for said taxes upon the same, and to that end it is adjudged that they have and recover of the defendant tax collector and the town of Plymouth the sum of $141.60 paid by them under protest, as set forth in the agreed statement of facts, together with all costs of this action, to be taxed by the clerk. It is further adjudged that plaintiffs are entitled to interest on said sum from 13 February, 1923, being the date upon which same was paid, until paid. It is further adjudged that, inasmuch as the defendant, Mrs. M. W. Cahoon, owned said personal property in question on the first day of May, 1922, that the taxes aforesaid should have been listed by her, and that she is liable for the same; and this judgment is without prejudice to the rights of the tax collector to proceed to make said taxes out of other property of

the said Mrs. M. W. Cahoon, it being found as a fact by the court that she owns and possesses other property out of which said taxes can be made."

To this judgment defendants excepted and appealed.

*W. L. Whitley for plaintiffs.*
*Zeb Vance Norman for defendants.*

CLARKSON, J.  "Every person owning property is required to list, and shall make out, sign, and deliver to the list-taker a statement, verified by his oath, of all the real and personal property, moneys, credits, investments in bonds, joint-stock companies, annuities, or otherwise, and the value of improvements on real estate since same was assessed, *in his possession or under his control on the first day of May* (italics ours), either as owner or holder thereof, or as parent, guardian, trustee, executor, executrix, administrator, administratrix, receiver, accounting officer, partner, agent, factor, or otherwise."   (The provisos of this section are not material for the decision of this case.)   Public Laws 1921, ch. 38, sec. 30.  *Hyatt v. Walston,* 174 N. C., 55; 37 Cyc., 788.

Section 33 of the act, *supra,* provides: Where personal · property shall be listed.   Section 38 of the act, *supra,* provides that the taxpayer shall take an oath that the property listed "is a full, true and complete list of all and each kind of property owned by me,"  . . .  "and that I have not neglected to list for taxation for the year all of each and every kind of property of which I am the owner," etc.

"If any person liable to be charged with taxes shall wilfully refuse to answer any questions respecting his property, or refuse to file, sign, and swear to his returns, he shall be guilty of a misdemeanor, and on conviction liable to be punished by a fine not exceeding fifty dollars, or imprisonment not exceeding thirty days, or both; and it shall be the duty of the assessors or list-taker to have the offender prosecuted; and the list-taker shall complete the list from the best information he can obtain.   Every list-taker and chairman of the board of county commissioners shall have power to send for persons and papers, and to examine witnesses and administer oaths."   Public Laws 1921, ch. 38, sec. 71. (Same provision in Public Laws 1923, ch. 12, sec. 65.)

*"Taxes shall not be a lien upon personal property, except where otherwise provided by law, but from a levy thereon* (italics ours) :  Provided, that no mortgage or deed of trust executed upon personal property shall have the effect of creating a lien thereon superior to the lien acquired by a subsequent levy upon said property for the payment of the State, county and municipal taxes assessed against the same; but the sheriff or other tax collector levying upon such property, for the purpose of

collecting the taxes due thereon, shall give due notice to the mortgagee or trustee of such property of the amount of such taxes at least ten days before the sale of the same, and such trustee or mortgagee shall have the right to pay said taxes and the costs incident to making the levy, when the sheriff or tax collector shall release the same to such trustee or mortgagee, and the amount so paid by said trustee or mortgagee shall constitute a part of the debt secured in the mortgage or deed of trust. C. S., sec. 7986.

"All persons who own property and willfully fail to list it within the time allowed before the list-taker or the board of commissioners shall be guilty of a misdemeanor, and the failure to list shall be *prima facie* evidence that such failure was willful, and it shall be the duty of the board of commissioners to present to the grand jury the names of all such persons.", Public Laws 1921, ch. 38, sec. 82. (Same provision in Public Laws 1923, ch. 12, sec. 75.)

"The lien of the State, county, and municipal taxes levied for any and all purposes in each year shall attach to all real estate of the tax-payer situated within the county or other municipality by which the tax list is placed in the sheriff's hands, which lien shall attach on the first day of June, annually, and shall continue until such taxes, with any penalty and costs which shall accrue thereon, shall be paid." C. S., sec. 7987.

"The lien for taxes levied for any and all purposes in each year shall attach to all the real estate of the taxpayers within the city on the first day of May, annually, and shall continue until such taxes, with any penalty and costs which shall accrue thereon, shall be paid. *But there shall be no lien for taxes on the personal property of the taxpayer but from a levy thereon.*" (Italics ours.) C. S., sec. 2815.

The plaintiffs pursued the lawful and correct remedy by conforming strictly to the statute, paying the money under protest and suing to recover same. C. S., sec. 7979.

There is an old saying that there are only two things certain on this earth—"taxes and death." It is impossible to escape either.

Every citizen has to aid in supporting the government under which he lives, and this cannot be done without taxes. The burden should be borne equally by all, and all public officials, whose duty it is to do so, shall expend same legally, with economy and efficiency. Taxes have priority over homestead and personal property exemptions. There is no lien on personal property for taxes but from a levy thereon. *Shelby v. Tiddy,* 118 N. C., 792; *Wilmington v. Sprunt,* 114 N. C., 310.

Const., Art. V, sec. 3, exempts certain notes, mortgages, etc., given in good faith for purchase price of a home, when purchase price does not exceed $3,000, and when notes, mortgages, etc., to run for not less

than five or more than twenty years, provided the interest on notes, mortgages, etc., does not exceed 5½ per cent. Exemptions allowed on incomes; married man and wife. living together; widow or widower having minor child or children, natural or adopted, not less than $2,000. All other persons not less than $1,000, and there may be allowed other deductions (not including living expenses), so that only net incomes are taxed. The rate of tax on incomes shall not exceed 6 per cent.

The Constitution allows certain property to be exempt from taxation. "Property belonging to the State, or to municipal corporations, shall be exempt from taxation. The General Assembly may exempt cemeteries and property held for educational, scientific, literary, charitable or religious purposes; also wearing apparel, arms for muster, household and kitchen furniture, the mechanical and agricultural implements of mechanics and farmers, libraries and scientific instruments, or any other personal property, to a value not exceeding three hundred dollars." Const., Art. V, sec. 5.

"The list shall be given by the person charged during the months of May and June, as herein described." (Proviso not quoted.) Public Laws 1921, ch. 38, sec. 31.

The board of county commissioners and governing body of any municipal corporation are given power to enter or list real or personal property and add 25 per cent to same for each year unlisted—for five back years in which the property was not listed. Laws 1921, ch. 38, secs. 81 and 82. (Laws 1923, ch. 12, secs. 74 and 75, have practically the same provisions.)

From the facts agreed, on the first day of May, 1922, and prior thereto, Mrs. M. W. Cahoon owned a stock of merchandise and store fixtures in Plymouth, N. C. On 9 May she sold the personal property to the plaintiffs for $12,000; that neither the plaintiffs or defendants listed the said property for tax, but on 7 June, 1922, the list-taker for Plymouth Township listed the stock of merchandise for taxation, and on 13 February, 1923, demanded payment of the plaintiffs, and they paid same under protest and in accordance with the statute, and bring this action to recover of the defendants $141.60 and interest on same from date of payment.

We have recited the law in reference to listing, etc., of taxes fully, as applies to this case. It was the duty of Mrs. M. W. Cahoon to return her tax on the personal property that she sold the plaintiffs during the months of May and June to the proper list-taker. Said return should have been on the personal property and its value as 1 May. If she did not return it herself, or by an authorized agent, the proper official should have listed it in her name on the tax books. The proper officer could have levied on any real or personal property that she owned to

collect the tax, except that exempted by constitutional and legislative enactment in conformity thereto. No homestead or personal property exemptions can be claimed against taxes. Mrs. M. W. Cahoon having sold the personal property after 1 May to plaintiffs, they obtained a good title, free from taxes. A lien could only be on personal property for taxes from the levy.

It is a misdemeanor for anyone not to list the property he or she owns for taxes. The town of Plymouth, E. W. Chesson, tax collector, has no authority by law to collect the tax from plaintiffs.

· Under the agreed state of facts, Mrs. M. W. Cahoon is liable for the tax. The proper officer shall list same in her name and collect from her the taxes in the manner provided by law.

There is no error in the judgment of the court below.

Affirmed.