E. W. COLTRANE v. D. L. DONNELL, TAX COLLECTOR OF GUILFORD COUNTY.

(Filed 16 November, 1932.)

**Taxation D b—Tax lien attaches to personalty only from levy, and owner is not liable for taxes for years prior to his possession.**

> There is no lien for taxes on personal property except from levy thereon, N. C. Code of 1931, 7986, and where certain personal property comes into the hands of the defendant first as administrator and then as distributee he is personally liable for the taxes thereon only from the date he obtained possession, and the county cannot collect from him the taxes due on the property for the years prior to his possession of the property as administrator. N. C. Code of 1931, 7971(50), 7985.

APPEAL by plaintiff from *Harding, J.,* at August Term, 1932, of GUILFORD. Reversed.

This is a controversy without action submitted to the court on a statement of facts agreed. C. S., 626. The facts are as follows:

The plaintiff, E. W. Coltrane, is a resident of Jamestown Township, in Guilford County, North Carolina. He is now the owner of certain personal property, which came into his possession, as owner, in 1930. The said personal property was formerly owned by John L. Coltrane, who at his death in November, 1928, was a resident of Guilford County. At the death of John L. Coltrane, the plaintiff, E. W. Coltrane, duly qualified as his administrator, and as such administrator took into his possession the said property, as assets of the estate of his intestate. He held said property as administrator during the years 1929 and 1930.

COLTRANE *v.* DONNELL.

During the year 1930, after the date for listing property for taxation, the plaintiff became the owner of said property as a distributee of the estate of John L. Coltrane.

During the month of January, 1932, the board of commissioners of Guilford County, listed the personal property, which was owned by John L. Coltrane, deceased, during the years 1927 and 1928, and which is now owned by the plaintiff, E. W. Coltrane, for taxation for the years 1931, 1930, 1929, 1928 and 1927, and levied taxes on said property for each of said years. The said property had not theretofore been listed for taxation by John L. Coltrane, by E. W. Coltrane, administrator, or by E. W. Coltrane.

The plaintiff has paid to the defendant, D. L. Donnell, who is the tax collector of Guilford County, the taxes levied on said personal property, for the years 1931, 1930 and 1929. He has refused to pay the taxes levied for the years 1928 and 1927. These taxes, with penalties, aggregate the sum of $287.59.

The court was of opinion that upon the facts agreed, the defendant, D. L. Donnell, tax collector of Guilford County, was entitled to recover of the plaintiff, as owner of said personal property, the sum of $287.59, with penalties and costs, and rendered judgment in accordance with this opinion. Plaintiff appealed to the Supreme Court.

*Walser & Casey for plaintiff.*
*B. L. Fentress for defendant.*

CONNOR, J. The presumption created by statute (N. C. Code of 1931, section 7971(50), that plaintiff, who was in possession of the personal property involved in this controversy in January, 1932, was the owner and in possession of said property on 1 April of the five preceding years, is rebutted by the facts admitted by the defendant. He was not the owner or in possession of said property in 1928 or in 1927. He now owns the property as a distributee of the estate of John L. Coltrane, and was such owner on· 1 April, 1931. The property was in his possession, as administrator of John L. Coltrane, deceased, on 1 April, 1930, and 1929. He failed to list or pay taxes on said property for these years, or for the year 1931. He was, therefore, personally liable for the taxes for each of these years, N. C. Code of 1931, section 7985. He has paid these taxes. He is not, however, personally liable for the taxes for the years 1928 or 1927. He was not in possession of the property, either as administrator or as owner, during either of these years.

Guilford County had no lien on the personal property now owned by the plaintiff for the taxes due for the years 1928 or 1927. Taxes are

not a lien upon personal property, but from a levy thereon. N. C. Code of 1931, section 7986. There had been no levy on said property for taxes prior to the date on which plaintiff became the owner. His title to the property is, therefore, free from any lien for taxes. There was error in the judgment, which is

Reversed.