E. McA. CURRIE ET AL. v. SOUTHERN MANUFACTURERS CLUB, INCORPORATED.

(Filed 20 May, 1936.)

**Taxation D b—Where personal property is sold prior to levy for taxes, claim for taxes is not preferred claim against proceeds of sale.**

The receiver of a corporation sold personal property of the corporation, comprising its sold assets, under orders of the court, and deposited the proceeds of sale to his credit as receiver. The city and county in which the corporation was located levied executions on the funds on deposit, claiming that they, respectively, were entitled to preferred claims against the funds for personal property taxes for several years prior to the appointment of the receiver. *Held:* Since a lien for personal property taxes does not attach until levy thereon, C. S., 7986, and no lien for taxes was created prior to the sale of the property free from tax liens by the receiver, the city and county have no lien on the proceeds of sale of the property and are not entitled to a preferred claim against the funds.

APPEAL by Nathan Sharpe, receiver, from *Harding, J.,* at Chambers in the city of Charlotte, N. C., on 13 March, 1936. Reversed.

The above entitled action was heard on the petition of Nathan Sharpe, receiver of the defendant, for instructions by the court with respect

to the payment of the claims of the city of Charlotte, and of Mecklen-
burg County for taxes which were levied on the property of the defend-
ant prior to the appointment of the receiver, and which have not been
paid by the defendant or by the receiver.

At the hearing it was agreed that the facts with respect to the claims
of the city of Charlotte and of Mecklenburg County are as follows:

1. On 28 June, 1934, Nathan Sharpe was appointed by the judge of
the Superior Court of Mecklenburg County, by an order made in this
action, temporary receiver of the defendant, and thereafter, on 12 July,
1934, the said appointment was made permanent by the said judge.

2. The only property owned by the defendant at the date of the
appointment of the receiver consisted of furniture, fixtures, and equip-
ment, which were used by the defendant in the maintenance and opera-
tion of a social club in the city of Charlotte, Mecklenburg County,
North Carolina. Upon his appointment as receiver of the defendant,
Nathan Sharpe, pursuant to orders of the court, took into his possession
all the property of the defendant, and thereafter, on ...... December,
1935, sold said property. The proceeds of said sale, less sums paid out
by the receiver under orders of the court for expenses incurred by him,
now amounting to the sum of $2,372.41, are on deposit with the Com-
mercial National Bank of Charlotte, to the credit of Nathan Sharpe,
receiver.

3. The defendant duly listed its property for taxation by the city of
Charlotte for each year prior to the appointment of the receiver, and
has paid all taxes levied on said property by the city of Charlotte,
except the taxes levied for the years 1930, 1931, 1932, 1933, and 1934.
The taxes for these years, amounting to the aggregate sum of $551.73,
without interest or penalties, were not paid by the defendant prior to
the appointment of the receiver, and have not been paid by the receiver
since his appointment. The tax collector of the city of Charlotte had
not levied on the property of the defendant for said taxes prior to the
appointment of the receiver, nor did he levy on said property after it
came into the possession of the receiver, and prior to its sale by the
receiver, pursuant to orders of the court.

4. The defendant duly listed its property for taxation by Mecklenburg
County for each year prior to the appointment of the receiver, and has
paid all taxes levied on said property by Mecklenburg County, except the
taxes levied for the years 1931, 1932, 1933, and 1934. The taxes for
these years, amounting to the aggregate sum of $163.77, without inter-
est or penalties, were not paid by the defendant prior to the appointment
of the receiver, and have not been paid by the receiver since his appoint-
ment. The sheriff of Mecklenburg County had not levied on the prop-
erty of the defendant prior to the appointment of the receiver, nor did

he levy on said property after it came into the possession of the receiver, and prior to its sale by the receiver, pursuant to orders of the court.

5. On 23 January, 1936, the tax collector of the city of Charlotte and the sheriff of Mecklenburg County caused executions in their hands, respectively, for the taxes due and unpaid by the defendant, to be served, simultaneously, on Nathan Sharpe, receiver, and the Commercial National Bank of Charlotte.

On these facts, the city of Charlotte and Mecklenburg County contended that each has a preferred claim against the defendant, and that each is entitled to the payment of its claim by the receiver out of the money in his hands in priority over other claims against the defendant.

On the other hand, Nathan Sharpe, receiver, contended that neither the city of Charlotte nor Mecklenburg County has a preferred claim against the defendant, and that each is entitled to the payment of its claim only pro rata with other claims.

The court was of opinion that on the facts agreed the city of Charlotte and Mecklenburg County, each, has a preferred claim against the defendant, and is entitled to the payment of its claim by the receiver out of the money in his hands in priority over other claims against the defendant.

From the order in accordance with the opinion of the court, Nathan Sharpe, receiver, with the permission of the court, appealed to the Supreme Court, assigning error in the order.

*John D. Shaw and F. A. McCleneghan for the receiver.*
*Scarborough & Boyd for city of Charlotte.*
*J. Clyde Stancill and Henry C. Fisher for Mecklenburg County.*

CONNOR, J.   When the property of the defendant in this action came into the possession of the receiver appointed by the court, neither the city of Charlotte nor Mecklenburg County had a lien on said property for the taxes which had been theretofore levied against the defendant, and which were then unpaid.   No levy had been made on said property for said taxes by the tax collector of the city of Charlotte or by the sheriff of Mecklenburg County.   It is provided by statute that "taxes shall not be a lien upon personal property but from the levy thereon." C. S., 7986.   *Coltrane v. Donnell,* 203 N. C., 515, 166 S. E., 377; *Carstarphen v. Plymouth,* 186 N. C., 90, 118 S. E., 905.   The title to defendant's property vested in the receiver, under the orders of the court, free and clear of any lien for taxes then due to the city of Charlotte or to Mecklenburg County.

Neither the tax collector of the city nor the sheriff of the county levied upon said property for the unpaid taxes after the same came into

the possession of the receiver, and before its sale by the receiver, under the orders of the court, as each was authorized to do by statute.   C. S., 1220; C. S., 8003.   When the property was sold, under the orders of the court, the purchaser acquired title to same free and clear of any lien for the taxes due by the defendant at the date of the appointment of the receiver.   See *Carstarphen v. Plymouth, supra.*

As neither the city of Charlotte nor Mecklenburg County had a lien on the property at the time it was sold by the receiver, they have no lien on the proceeds of the sale now in the possession of the defendant. The service of executions on the receiver and on the bank in which the proceeds of the sale were deposited to the credit of the receiver were ineffectual for the purpose of giving the claims of the city and of the county priority over other claims against the defendant.   See *Shelby v. Tiddy,* 118 N. C., 792, 24 S. E., 521; *Alexander v. Farrow,* 151 N. C., 320, 66 S. E., 209.

There is error in the order in this cause directing the receiver to pay the taxes levied against the defendant prior to his appointment as preferential claims.   The order is therefore

Reversed.