FIRST CITIZENS BANK AND TRUST COMPANY
v. ACADEMIC ARCHIVES, INC.
— AND —
FIRST CITIZENS BANK AND TRUST COMPANY
v. MICROPRESS, INC.

No. 7210SC321

(Filed 28 June 1972)

**Attorney and Client § 7; Receivers § 12— receivership — priority of liens — attorney fees**

An attorney who rendered legal services to a corporation which is now insolvent was an independent contractor and not a regular employee of the corporation within the meaning of G.S. 44-5.1; consequently, his claim for such services was not entitled to priority status.

APPEAL by claimant from *Brewer, Judge,* at the November 1971 Civil Session of WAKE Superior Court.

This case is an appeal from the report of a receiver denying a priority to the claim of Thomas F. East against the insolvent corporation, Academic Archives, Inc. After insolvency proceedings had been instituted against Academic Archives, Inc., and a receiver appointed, East, an attorney, presented a claim for $2,000 against the corporation and contended that his claim should be given priority. The receiver disallowed the claim as a priority claim, but allowed it as a general claim.

Claimant filed exception to the report of the receiver and appealed to the Superior Court.

At the hearing, claimant introduced evidence that he had been elected Treasurer of the corporation and had also been given a power of attorney to conduct certain of the operations of the corporation. Claimant also introduced an itemized statement for legal services rendered to the corporation.

From this evidence the trial court found as a fact that claimant was an independent attorney rendering professional services on an hourly basis.

The trial court concluded as a matter of law that claimant was not a regular employee under G.S. 44-5.1 and his claim was therefore not entitled to priority status.

From the order of the trial court affirming the report of the receiver, claimant appeals.

*Thomas F. East, in propria persona.*

*Hatch, Little, Bunn, Jones & Few by William P. Few for receiver appellee.*

CAMPBELL, Judge.

The sole question presented by this appeal is whether the trial court was correct in ruling that claimant was not a regular employee within the meaning of G.S. 44-5.1 and therefore his claim was not entitled to priority status. It is our opinion that the ruling of the trial court was correct.

The statute in question in providing for wage liens states the following:

> *"Wages for two months' lien on assets.*—In case of the insolvency of a corporation, partnership or individual, all persons doing labor or service of whatever character in its regular employment have a lien upon the assets thereof for the amount of wages due to them for all labor, work, and services rendered within two months next preceding the date when proceedings in insolvency were actually instituted and begun against the corporation, partnership or individual, which lien is prior to all other liens that can be acquired against such assets: . . ." G.S. 44-5.1.

We note that this claim is not based on any services claimant rendered as Treasurer or as Attorney-in-Fact of the corporation, but it is based on legal services rendered in a number of actions involving the corporation. We do not therefore decide whether one claiming as a Treasurer or Attorney-in-Fact would be entitled to a priority claim.

It is clear from both the unambiguous words of the statute and the decisions of the Supreme Court that G.S. 44-5.1 grants a priority lien for the *wages* paid *regular employees* and that such priority does not extend to those who are independent contractors and not regular employees. *Iron Co. v. Bridge Co.,* 169 N.C. 512, 86 S.E. 184 (1915).

An independent contractor has been defined as one who,

> ". . . (a) is engaged in an independent business, calling, or occupation; (b) is to have the independent use of his special skill, knowledge, or training in the execution of the

work; (c) is doing a specified piece of work at a fixed price or for a lump sum or upon a quantitative basis; (d) is not subject to discharge because he adopts one method of doing the work rather than another; (e) is not in the regular employ of the other contracting party; (f) is free to use such assistants as he may think proper; (g) has full control over such assistants; and (h) selects his own time. . . ." *Hayes v. Elon College*, 224 N.C. 11, 29 S.E. 2d 137 (1944).

"The vital test is to be found in the fact that the employer has or has not retained the right of control or superintendence over the contractor or employee as to details." *Hayes v. Elon College, supra.*

It is obvious that a practicing attorney rendering professional services to a client is an independent contractor within the above definition. As such his claim is not entitled to a priority under G.S. 44-5.1.

The order of the trial court was correct.

Affirmed.

Chief Judge MALLARD and Judge BRITT concur.