HENDERSON TUCKER v. E. W. WILKINS.

*False Imprisonment—Arrest—Pleadings — Evidence — Probable Cause—Appeal—Damages.*

1. In an action for false imprisonment, the defendant admitted, by not denying in his answer, that the warrant of arrest under which the plaintiff was taken in custody was issued before action was begun by issuing summons: *Held*, that such admissions, in another action, should be taken as true, and any evidence admitted on that point was irrelevant.

2. Evidence that defendant never made any demand for the debt upon which the warrant of arrest was issued, was competent to show the absence of probable cause and the animus of defendant in issuing the warrant.

3. Mere general rumor that a person indebted has removed to another State is not sufficient to justify his creditor in suing out a warrant for his arrest. There should be such evidence as would induce a reasonable man to believe that the facts existed upon which he based his application.

4. The pendency of an appeal from a judgment of the Justice of the Peace upon the cause of action—the order of arrest having been discharged as void—is no bar to the maintenance of an action for unlawfully causing the arrest of an alleged debtor upon the void order of arrest.

This was a CIVIL ACTION, tried at the Fall Term, 1889, of HALIFAX Superior Court, before *Boykin, J.*

The complaint formally alleges two distinct causes of action. The first is for false imprisonment, in that the defendant procured a warrant of arrest to be issued by a Justice of the Peace, and had the plaintiff arrested upon the same by a proper officer and deprived of his liberty "for twenty hours," the warrant being void, because no action had been begun by the defendant against the present plaintiff by summons to recover his alleged debt specified in the warrant. The second cause of action is for malicious prosecution, in maliciously suing out a warrant of arrest without probable cause.

The issues submitted to the jury were as follows:

1. Did the defendant Wilkins, on or about the 17th day of December, 1888, wrongfully and illegally cause the arrest of the plaintiff, in the manner set out in the complaint?

2. Did the defendant Wilkins, on or about the 17th day of December, 1888, with malice and without probable cause, cause the arrest and imprisonment of the plaintiff, as alleged in the complaint?

3. What damage, if any, is the plaintiff entitled to recover?

It was alleged that the warrant of arrest was issued and served on the 17th of December, 1888, and a summons was afterwards issued pertinent on the 18th of the same month. On the trial the plaintiff was allowed to put in evidence a summons, dated the 18th of the same month in another action, and the defendant excepted. He was allowed to testify in his own behalf among other things, "Wilkins never made any demand on me before I paid $10, nor thereafter."

The defendant excepted.

The defendant proposed to testify on his own behalf that "it was generally rumored in the neighborhood that plain-

105—18

tiff had gone to Virginia to live, and that he had heard and believed such rumor," and he believed, "at the time he had plaintiff arrested that plaintiff had removed to Virginia." The proposed evidence was rejected and the defendant excepted.

The following is part of the case stated on appeal:

"The defendant asked the Court to instruct the jury—

"4. That if the jury is satisfied from the evidence that the action of *E. W. Wilkins* v. *Henderson Tucker*, and the order of arrest issued therein, were taken by appeal to the Superior Court, and are now pending there, then the plaintiff cannot recover in this action.

"5. That, upon the whole evidence, the plaintiff cannot recover.

"6. That plaintiff having shown no actual damages, the jury cannot find for the plaintiff more than nominal damages.

"7. That, upon the whole evidence, the plaintiff cannot recover in this action.

"8. That there is no evidence before the jury that the summons in the case of *E. W. Wilkins* v. *Henderson Tucker* was not issued until after the order of arrest, and in the absence of such evidence the presumption is that the summons was issued before, or at the time, the order of arrest was issued."

In answer to the fourth prayer, the Court told the jury that, if they believed the evidence, the order of arrest had, on motion of the defendant therein made at the trial in the Justice's Court, been vacated, and said defendant released and discharged from arrest, and if no appeal was taken therefrom, then an appeal taken by said defendant from the judgment for the debt duly rendered against him did not have the effect of taking up the judgment vacating the order of arrest, and the pending of the action on the account on appeal could not affect this action.

The Court refused to give the fifth, sixth, seventh and eighth prayers as asked, and defendant excepted, but instructed the jury that, if they believed the evidence, there was not probable cause for the arrest of the plaintiff in the action of *E. W. Wilkins* v. *Henderson Tucker;* and if they believed that the arrest was prompted by malice on the part of said Wilkins, then the jury should answer Yes to the second issue.   The Court then instructed the jury as to what constituted malice; that in law it meant an act done wrongfully, with a desire or purpose to injure, and without reasonable and probable cause, and that the act need not be dictated by angry feelings and vindictive motives; that the jury could infer malice from want of probable cause, but it was an inference which could be rebutted; and if they believed the evidence of the defendant Wilkins, then he was not actuated by malice, and they should answer No to the second issue.

Defendant Wilkins excepted.

The Court further instructed the jury, that if they found the second issue No, and the first issue Yes, they could not give punitive damages, but only give such damages as they thought, from the evidence, was a reasonable compensation for the annoyance, loss of time and indignity put upon plaintiff; but if they found the second issue Yes, then the jury could, if they saw fit, give the plaintiff exemplary, or punitive, damages.   The defendant excepted.

The Court further instructed the jury that if, from the evidence, they believed the order of arrest was issued before the summons, then the jury should find the first issue Yes; otherwise, no.   Defendant excepted.

The jury returned a verdict finding the first and second issues Yes, and assessing plaintiff's damages at $300. There was a motion for a *venire de novo* for error in admitting and rejecting evidence, as hereinbefore stated, and for failing to give instructions asked, and in those given.

The Court gave judgment for the plaintiff, and the defendant appealed.

*Mr. J. M. Mullen*, for plaintiff.
No counsel *contra*.

Merrimon, C. J.—after stating the facts: The first exception is without force, because, although the summons received in evidence was irrelevant, it was harmless, as the defendant admitted by his answer that the summons issued in his action before the Justice of the Peace was issued on the 18th of December, 1888. The complaint so alleged expressly, and the defendant did not in his answer deny the allegation. It was, therefore, to be taken for the purposes of the action as true. *The Code*, § 268; *Grant* v. *Gooch*, decided at this term, and cases there cited.

Obviously, the evidence of the plaintiff, testifying in his own behalf, embraced by the second exception, was competent. It, in connection with the other evidence, tended to prove the absence of probable cause and the animus of the defendant in suing out the warrant of arrest. It was of slight importance.

The evidence of the defendant, testifying in his own behalf, embraced by the third exception, was properly rejected. Merely general rumor that the plaintiff had gone to the State of Virginia did not constitute probable cause, nor could it warrant, justify or excuse the action of the defendant in suing out a warrant of arrest. He should have made inquiry of those who would probably know that the rumor was well or ill founded, or have ascertained facts and circumstances such as would prompt a rational, fair and prudent man, having just regard for his own rights, and the like of others, to believe that the facts alleged and made the basis of the application for the warrant of arrest did in fact exist. Mere rumor could give rise to only suspicion and vague con-

jecture. Besides, the warrant of arrest was not asked for upon the ground that the defendant therein had removed to Virginia, but upon the other alleged ground that he had "removed, disposed of, or secreted, or is about to remove, dispose of, or secrete his property, with intent to defraud his creditors." The evidence so rejected was irrelevant.

The evidence did not warrant the fourth instruction asked for by the appellant. All the evidence, fairly interpreted, went to prove that the Justice of the Peace before whom the action was tried vacated the order of arrest and discharged the defendant therein, and there was no appeal from the order in this respect, so far as appears. The defendant in the action appealed from the judgment given against him for the amount of the debt demanded, but this did not vacate the order vacating the order of arrest and discharging the defendant therefrom. *Roulhack* v. *Brown*, 87 N. C., 1; *Pasour* v. *Lineberger*, 90 N. C., 159.

The other exceptions are without merit. The Court was fully warranted in telling the jury that, if they believed the evidence, there was not probable cause. Indeed, there was no evidence, so far as appears, tending to prove the alleged fraudulent disposition by the plaintiff of his property. Manifestly, there was evidence from which the jury might find the issue of fact in respect to the arrest of the plaintiff, with malice and without probable cause, in his favor, and the defendant has no reason to complain of the instruction given in respect to damage.

Affirmed.