F. C. GEER v. ANNIE J. BROWN.

(Decided March 27, 1900.)

*Ejectment—Tax Title—Dower—Publication—Notice.*

1. The sale of land for taxes, before resorting to personal property, may render the sheriff liable to the tax debtor, but does not affect the title of the purchaser.

2. Dower land is subject to sale for non-payment of taxes, and may be purchased by the owner of the reversionary interest after dower right is over.

3. When the answer contains an admission that the land had been advertised and sold for taxes and bought by plaintiff, through an agent, inquiries of the Clerk if there was any record in his office of the lands levied upon for sale for taxes, and of the sheriff, if he had sold the land for taxes, and of the editor of the county newspaper in regard to advertisement of tax sales, were properly excluded.

4. A sheriff's deed for land sold for taxes is only presumptive evidence of due publication, and may be controverted by the tax debtor, in a suit by the purchaser. Want of notice through the mails is only an irregularity, not affecting the title of purchaser.

EJECTMENT on a tax title, tried before *Bryan, J.,* at March Term, 1899, of ORANGE Superior Court.

There was a verdict in favor of plaintiff. The land in controversy was the dower land of the defendant. Her objections urged in defense, overruled by the Court, are considered in the opinion.

From the judgment rendered in favor of plaintiff, the defendant appealed.

*Mr. C. D. Turner,* for appellants.
*Messrs. Manning & Foushee,* for appellee.

MONTGOMERY, J.   This is an action for the possession of a tract of land, brought by the plaintiff, the alleged purchaser thereof, at a sale for the taxes due thereon for the year 1892, against the defendant, who was the owner of the land at the time of its sale.   The land is the dower of the defendant, allotted to her as the widow of her former husband, and as it is of small value, and she very poor, as appears from the record, we have given the case close attention, to see if any error was committed in the trial below; for the poor woman, from the pleadings, seems to have been dealt with hardly by the plaintiff.   And after such examination we find that there has been no error in the conduct of the trial below.

The first exception of the defendant was to the refusal of his Honor to hear testimony of the defendant that a levy was made by the sheriff on some personal property of the defendant for the year 1891.   We suppose the object of that question was to show that probably the defendant had personal property in 1892, and that the sheriff should have levied upon that personal property for the payment of the taxes due on the land before he sold the land itself.   There was no error in excluding the testimony, from any point of view, for while a sheriff may be liable to a tax debtor if he sells real estate for taxes before he resorts to the personal property of the tax debtor, yet that will not affect the title to the land sold for taxes passed by the deed of the sheriff to the purchaser. *Stanly v. Baird,* 118 N. C., 75.

The second exception of the defendant was made to the introduction of a deed from one Leathers, administrator, to the plaintiff, in which was conveyed the interest in reversion after the dower right was over.   It is needless to pass upon whether the evidence was material or irrelevant; for it could have had no effect on the jury's findings, as his Honor in the charge confined himself strictly to matters growing out of the

tax sale.  The third exception of the defendant was to the refusal of the Court to permit her to answer the question whether or not she ever applied to the court for her dower. There was no error in the ruling of his Honor.  The record of the allotment had been introduced, and she was in possession of the dower land.  The refusal of his Honor to let the defendant give in evidence a conversation between herself and Holloman, who, as agent of the plaintiff, bought the land at the tax sale, as to why he, Holloman, did not take a deed to the land.  The evidence was clearly incompetent, and we can form no idea even of what its purpose was.  Mr. Hamilton, Clerk of the Superior Court, was asked by the defendant if there was any record in his office of the lands levied upon for sale for taxes.  His Honor, upon objection from the plaintiff, refused to receive the evidence.  The testimony would have been incompetent in any aspect, for the defendant had admitted in article 5 of her answer that the land had been sold by the sheriff for taxes, and bought by the plaintiff's agent, Holloman.

So his Honor properly refused to allow the defendant to ask the sheriff if he had sold the land for taxes.  The question was irrelevant because, as we have said, the defendant had admitted that the sale had been made, and that the plaintiff had purchased thereat.  The defendant then undertook to prove by the editor of the Orange County *Observer,* and by copies of his paper from 8th April to 8th May, 1892, that no advertisement by the sheriff of the sale of the defendant's land was published in his paper.  His Honor refused to allow the testimony to be received, and there was no error in the ruling.  The defendant had admitted in her answer that the sheriff had made advertisement of the sale of the land, but she averred that the advedtisement was not sufficient in law, in its form and substance.  That she did not try to prove on the

trial. She made no attempt to prove that a newspaper had been designated by the Commissioners of the county in which advertisement of the lands of delinquent tax payers should be made; and that no such advertisement as would be sufficient in law had been made in such newspaper.

A deed made by a sheriff for lands sold for taxes is only presumptive evidence that due publication of the sale had been made, and it is open to a tax debtor in a controversy in relation to the rights of a purchaser, his heirs or assigns, to prove that such an advertisement was in fact not made. Notice through the mails by the sheriff to the tax delinquent was, and is, required to be given; and, in the recent revenue laws of the State, is put on the same footing as a due publication of the delinquency and intended sale. But in another section of the revenue laws all notices required to be given in the act, if not in fact given, are declared to be only irregularities. And so in *Saunders v. Earp,* 118 N. C., 275, when the publication, advertisement in a newspaper, was made, the notice through the mails to the delinquent was held to be an irregularity only which did not affect the deed from the sheriff to the purchaser.

No error.