STATE, EX REL. R. H. LEE, ET ALS., V. E. E. MARTIN AND NEW AMSTER-
DAM CASUALTY COMPANY.

(Filed 17 March, 1926.)

**1. Appeal and Error—Opinions—Estoppel.**

In this action to recover from a defaulting clerk of the Superior Court
moneys alleged by the plaintiff to belong to him, the opinion of a former
appeal by various claimants remanding the cause, permitting other claim-
ants to come in and plead, was not an estoppel upon the plaintiff in the
instant case on appeal.

**2. Evidence—Pleadings—Admissions.**

Evidence offered on the trial of an action as to matters admitted in the
pleadings, is irrelevant to the issues raised by the pleadings in respect
thereto.

**3. Evidence—Counterclaim—Pleadings.**

Evidence offered to prove an unpleaded counterclaim is properly
stricken out by the trial judge on motion.

**4. Trials—Questions for Jury—Evidence—Issues.**

Conflicting evidence upon issues raised by the pleadings is for the jury
to determine.

**5. Instructions—Appeal and Error.**

The charge of the judge to the jury upon the issues arising from the
pleadings in the case, is to be construed from its related parts taken as
a whole.

CIVIL ACTION before *Bond, J.,* Fall Term, 1925, of PAMLICO.

This case was heard in the Supreme Court at the Fall Term, 1923, and
is reported in 186 N. C., p. 127. Upon petition, it was reheard, and the
decision of the court is reported in 188 N. C., p. 119. It was again
appealed to the Supreme Court and the opinion of the Court is reported
in 189 N. C., at p. 247. The facts relating to the history and course of
the controversy are found in the printed reports referred to and for this
reason will not be repeated.

There are two appeals. The first appeal is on behalf of the plaintiff,
Lee, and others, growing out of a claim of $1,172.14. The other is an
appeal by the defendant, Casualty Company, on a judgment upon the
verdict for claim of $1,040.95.

*Z. V. Rawls for plaintiffs.*
*F. C. Brinson, Ward & Ward for defendants.*

BROGDEN, J. In the appeal reported in 189 N. C., p. 247, *Stacy, J.,*
said: "Our original opinion (186 N. C., 127) will be modified to the

extent above indicated; the cause will be remanded, to the end that it may be heard and determined according to the usual course and practice of the Court, not inconsistent with the principles announced in this opinion. Under a proper interpretation of the above excerpts from our last opinion, we think his Honor was in error in holding that the recent opinion rendered by the Supreme Court in this action is a bar to plaintiff, realtor's rights to show the dates of the defalcations of the various funds, other than as set out in the record in the case as tried before the Supreme Court."

It was further held that the plaintiffs should have the right and opportunity to present their claims and permission was given to amend the pleadings, if necessary, to properly present the disputed questions.

The above opinion was rendered in March, 1925. Thereafter in April, 1925, plaintiffs filed an amended complaint, paragraph 3 being as follows: "That by virtue of the color of his office as clerk Superior Court of Pamlico County, the defendant, E. E. Martin, on 20 June, 1917, received as a fund paid into court for plaintiff, by L. J. Upton & Company of $1,172.14. The defendants, answering said paragraph 3, say: "That allegation 3 is not denied."

The fifth allegation of said amended complaint filed by the plaintiff is as follows: "That on 20 October, 1919, plaintiff demanded of the defendant, E. E. Martin, clerk Superior Court, the payment of $1,172.14, the said sum having been received by the defendant, Martin, by virtue and color of his office as a fund paid into court for plaintiff, and payment thereof was refused." The defendant, answering paragraph 5 of the complaint, says: "That as to allegation five, it is admitted that plaintiff demanded the payment of $1,172.14 on 20 October, 1919, and the remainder of allegation five is denied, and it is averred that up to the time of said demand on 20 October, 1919, the plaintiff had declined and refused to accept the money."

Thereafter on 10 November, 1925, and during the term at which this action was tried, the plaintiff, without any order of court, so far as this record discloses, presented a reply, paragraph three of which was as follows: "It is admitted that the said fund of $1,172.14 was paid into court, 20 June, 1917, by Upton & Company, as a tender to plaintiff, and that the case of *Lee v. Upton* is reported in 178 N. C., p. 198, *but it is averred that the said fund was misappropriated and embezzled by the defendant, Martin, on 20 June, 1917, the date of the receipt of said fund, by the defaulting clerk.*"

The defendants thereupon made a motion to strike out from said reply the allegation as to misappropriation on 20 June, 1917, and the judge

allowed the motion, striking out from said reply the foregoing words shown in italics. The plaintiff excepted and assigned the action of the judge as error.

The plaintiff further attempted to show by the vice-president of the bank that the Upton check of $1,172.14, payable to E. E. Martin, was deposited in the bank in June, 1917, by E. E. Martin to his personal account, and that said E. E. Martin at said time did not have an official account in this particular bank. The defendant objected to this testimony and the objection was sustained by the trial judge.

It should be observed in the outset that the check for $1,172.14 does not appear to have been made to E. E. Martin as clerk but merely to E. E. Martin; and further, the fact that E. E. Martin as clerk had no official account in a particular bank would be no proof of the fact as to whether he carried an official account at all. The defendants, however, objected to the testimony upon the further ground that it was alleged in the amended complaint and admitted in the answer that the defalcation occurred on or after 20 October, 1919; and further, that there is no allegation in any of the pleadings, except the reply referred to, as to any defalcation, except the allegations already designated.

It is an elementary rule that issues arise upon the pleadings, and, if a fact is alleged by one party and admitted by the other, no issue arises therefrom, but both parties are bound by the allegation so made, and evidence offered in relation thereto is irrelevant. Geer v. Brown, 126 N. C., 240; Tucker v. Wilkins, 105 N. C., 272. In Grant v. Gooch, 105 N. C., 278, the rule is stated thus: "The complaint alleges that there was no money paid, and the deed was the voluntary act of the grantor, and this allegation is not denied in the answer. The fact is, therefore, admitted, and the effect of the admission is as available to the plaintiff as if found by the jury."

The exception relating to the action of the trial judge in striking out a portion of the reply is untenable. No counterclaim was pleaded in the answer, and, in addition, the new matter in the reply was inconsistent with the complaint. C. S., 525. The plaintiffs did not request permission to amend as provided by C. S., 547, and, even if this had been done, the power to permit an amendment or to permit the filing of reply was lodged in the discretion of the trial judge. Brewer v. Ring and Valk, 177 N. C., 476; Fay v. Crowell, 184 N. C., 415; Warrington v. Hardison, 185 N. C., 76; Currie v. Malloy, 185 N. C., 206.

The plaintiffs move in the Supreme Court for a writ of certiorari directing the clerk of Pamlico County to send up the order of said clerk made on 2 November, 1925, extending time for plaintiffs to file reply to 10 November, 1925. For the reasons stated the motion is denied.

We find no error in plaintiffs' appeal.

State v. Martin.

Appeal of Defendant, Casualty Company.

In the defendant's appeal the issues and answers of the jury thereto were as follows: (1) What amount, if any, of the fund of $1,040.95 of the E. E. Martin defalcation occurred prior to the first Monday in December, 1918? A. All of it. (2) If there was a defalcation on any part of said amount prior to the first Monday in December, 1918, when did such defalcation or defalcations occur? A. Prior to 31 May, 1918. (3) What amount of the said fund of $1,040.95 was defaulted on after the 1st Monday in December, 1918, and prior to 7 February, 1921? A.....

There were exceptions as to the ruling of the trial judge upon motion of nonsuit, and to the refusal to give certain instructions requested by the defendant, and there were further exceptions to portions of the charge of the court to the jury. The record discloses that there was competent evidence upon the issues submitted. The evidence was conflicting, it is true, but its weight and credibility was for the jury. Construing the charge in its entirety, there is no reversible error disclosed. The issues involved simple questions of fact and the judgment upon the verdict must be sustained.

No error.