AMERICAN AGRICULTURAL CHEMICAL CO., INC., v. D. S. WILLIAMSON, SHERIFF OF DUPLIN COUNTY.

(Filed 24 March, 1926.)

**1. Taxation—Personal Property—Liens—Levy.**

A lien on personal property for nonpayment of taxes arises to a municipality only upon a levy thereon.

**2. Same—Real Estate.**

The personal property should be first exhausted by the sheriff of a county for the nonpayment of taxes before the land of the same owner may be sold therefor. C. S., 8006.

**3. Same—Mortgages—Right of Mortgagee.**

It is required by our statute, C. S., 8006, that before the sale of personal property as a prior lien to that of a chattel mortgage may be had for the nonpayment of taxes assessed thereon, the mortgagee be given at least ten days previous notice with the right to pay the assessment and costs incidental to making the levy and obtain a release therefrom, the amount so paid constituting a part of the mortgage debt due to him by the mortgagor by the implication of law.

**4. Same—Equity—Injunction.**

Where the owner of real and personal property has not paid the taxes thereon assessed by a county, a mortgagee who has not received the statutory notice, may maintain his suit in equity against the sale of the personalty for the payment of the total taxes due. C. S., 8006, C. S., 8008, not applying.

APPEAL by plaintiff from *Bond, J.,* at January Term, 1926, of DUPLIN.

Civil action brought by the holder of a chattel mortgage to enjoin a sale of the personal property covered by said mortgage, sought to be taken by the sheriff under levy to satisfy a claim for both real-estate and personal-property taxes due by the mortgagors.

A jury trial was waived, and on the facts found by consent, the trial court held that the personal property of the mortgagors, though covered by a chattel mortgage, was first liable to be sold under execution by the sheriff to satisfy all the taxes due by the mortgagors, before resort could be had to their real estate. From the judgment rendered in accordance with this ruling, dissolving the temporary restraining order previously entered in the cause, the plaintiff appeals.

*John Hill Paylor for plaintiff.*
*H. D. Williams and Stevens, Beasley & Stevens for defendant.*

STACY, C. J.   In 1920, J. W. and T. C. Gardner sold a farm in Duplin County and took a second deed of trust to secure a part of the purchase price, a first mortgage having been executed to the North Carolina Joint Stock Land Bank of Durham. On 3 January, 1924, the then owners of the land, R. E. Belcher, R. H. Knott and W. D. Dildy, gave the American Agricultural Chemical Company, Inc., a third mortgage on said land and incorporated in the same instrument a crop lien and first mortgage on certain personal property, the subject of controversy in this action. Thereafter, the second deed of trust, above mentioned, was foreclosed, and J. W. and T. C. Gardner repurchased the land. In the meantime, however, taxes had accumulated on said land in the hands of Belcher, Knott and Dildy to the amount of $476.24, and on 9 December, 1924, the sheriff of Duplin County levied on the personal property belonging to the said Belcher, Knott and Dildy and covered by the plaintiff's chattel mortgage, to satisfy, not only the real-estate taxes levied against the land while owned by them, but also a tax of $17.75 levied against the chattels covered by plaintiff's mortgage. His Honor held that the personal property of the mortgagors, after levy, was liable for both their real-estate and personal-property taxes, or the entire sum of $496.99, before resort could be had to the land in question. The appeal challenges the correctness of this ruling.

It is provided by C. S., 8006, that the personal property of a tax-payer shall be levied upon and sold for the satisfaction of his taxes before resorting to his real estate, if sufficient personalty, subject to levy and sale, can be found in the county of the sheriff having the tax list in hand.

But C. S., 7986, also provides: "Taxes shall not be a lien upon personal property, except where otherwise provided by law, but from a levy

thereon: *Provided,* that no mortgage or deed of trust executed upon personal property shall have the effect of creating a lien thereon superior to the lien acquired by a subsequent levy upon said property for the payment of the State, county, and municipal taxes, assessed against the same; but the sheriff or other tax collector levying upon such property, for the purpose of collecting the taxes due thereon, shall give due notice to the mortgagee or trustee of such property of the amount of such taxes at least ten days before the sale of the same, and such trustee or mortgagee shall have the right to pay said taxes and the costs incident to making the levy, when the sheriff or tax collector shall release the same to such trustee or mortgagee, and the amount so paid by said trustee or mortgagee shall constitute a part of the debt secured in the mortgage or deed of trust."

It will be observed that under this latter section, there is no lien on personal property for taxes, except where otherwise provided by law, but from a levy thereon. *Carstarphen v. Plymouth,* 186 N. C., 90; *Shelby v. Tiddy,* 118 N. C., 792; *Wilmington v. Sprunt,* 114 N. C., 310. And where a mortgage or deed of trust is executed on personal property, it creates no lien thereon superior to the lien acquired by a subsequent levy on said property for the payment of the State, county, and municipal taxes "assessed against the same," *i. e.,* assessed against said personal property; and the sheriff or other tax collector, levying on such property, "for the purpose of collecting the taxes due thereon," is required to give due notice to the mortgagee or trustee of the "amount of such taxes," *i. e.,* the amount of taxes assessed against said personal property and due thereon, at least ten days before the sale of same, etc.

To construe this section otherwise, or to interpret it as contended for by the defendants, would seriously impair the value of chattel mortgages in North Carolina. We think the only tax lien on the personal property here in question, superior to the plaintiff's mortgage thereon, is the lien for $17.75 acquired by the subsequent levy of the sheriff for the payment of State, county and municipal taxes assessed against said personal property and now due thereon, and which the plaintiff has the right to pay and add to the amount of the debt secured by the mortgage. In other words, to the extent of the plaintiff's interest in said property, as the holder of a chattel mortgage thereon, the same is not "subject to levy and sale" absolutely under C. S., 8006 *et seq.,* for taxes, other than those levied on the particular property itself; and such property, when sold to collect taxes other than those levied upon it, would pass subject to the rights of the mortgagee, unless affected by the provisions of C. S., 8008, which is not the case here. *Woody v. Jones,* 113 N. C., 253; *Geer v. Brown,* 126 N. C., 238.

Error.