NORTHERN MACHINE WORKS, Incorporated, v. JULIUS C. HUBBARD et al.

(Filed 18 May, 1932.)

**Taxation H f—Tax sale of personal property without notice to registered mortgagee is void.**

The requirements of our statute C. S., 7986 that the sheriff of the county give the mortgagee of personal property ten days notice of a sale of the mortgaged property for taxes under a levy is mandatory and not merely directory, and where no notice of the tax sale has been given the mortgagee of a duly registered mortgage, his right to the possession of the property is superior to that of the purchaser at the tax sale, but his possession is solely for the purpose of foreclosing the mortgage by sale of the property, and: *Semble*, the proceeds from the foreclosure sale should be applied to reimburse the purchaser at the tax sale for the amount of taxes paid by him before they are applied on the mortgage debt.

Appeal by defendants from *Clement, J.,* at October Term, 1931, of Wilkes. No error.

This is an action to recover possession of certain personal property described in the complaint, and in the possession of the defendant, Julius C. Hubbard, at the date of the commencement of this action.

The plaintiff claims title to the property under a conditional sales agreement or chattel mortgage executed by the defendant, Frank A. Carr, and duly recorded in the office of the register of deeds of Wilkes County, on 21 December, 1925. The debt secured by the conditional sales agreement or chattel mortgage has not been paid.

The defendant, Julius C. Hubbard, claims title to the property under a sale made thereof by the tax collector of the town of Wilkesboro, N. C., on 3 June, 1929, for the collection of the taxes levied thereon for the years 1926 and 1927. The property was listed for taxation during said years by the defendant, Frank A. Carr. None of the defendants other than the defendant, Julius C. Hubbard, claims title to the property in controversy.

There was evidence tending to show that prior to the date of sale, the tax collector of the town of Wilkesboro, N. C., levied on the property described in the complaint, and thereafter advertised the sale for twenty days by notices posted at the courthouse door in the town of Wilkesboro, and at three other public places. He did not advertise the sale in a newspaper, nor did he give the plaintiff, as mortgagee of the property, notice of the sale.

The court instructed the jury as follows: "The court instructs you, if you believe the evidence, that you will answer the issue 'Yes,' for the reason that according to the tax collector's testimony he did not give the plaintiff any notice, and the statute says he shall give a mortgagee notice of the sale ten days before the sale is made."

The issue submitted to the jury was answered as follows:

"Is the plaintiff entitled to the immediate possession of the personal property described in the complaint? Answer: Yes."

From judgment that plaintiff recover of the defendant the immediate possession of the property described in the complaint, and the costs of the action, the defendants appealed to the Supreme Court.

*Jones & Brown and Ralph G. Bingham for plaintiff.*
*J. A. Rousseau for defendants.*

CONNOR, J. The defendant, Julius C. Hubbard, contends that his title to the property described in the complaint is superior to the title of the plaintiff under the conditional sales agreement or chattel mortgage executed by Frank A. Carr, for the reason that he derives his title from a sale made of said property by the tax collector of the town of Wilkesboro, N. C., to enforce the lien acquired by a levy on said property

prior to 3 June, 1929, for the taxes assessed against Frank A. Carr for the years 1926 and 1927. This contention is presented by defendant's assignment of error based on his exception to the instruction of the court to the jury appearing in the statement of the case on appeal.

The contention cannot be sustained for the reason that the sale of the property made by the tax collector was void, at least as against the plaintiff, whose mortgage executed by Frank A. Carr was duly registered prior to the levy. The tax collector gave no notice to the plaintiff that he had levied on the property and would sell the same for the collection of the taxes assessed thereon. C. S., 7986. The requirement of the statute that a tax collector, who shall levy on personal property for the purpose of collecting the taxes due thereon, shall give due notice to the mortgagee of such property of the amount of such taxes at least ten days before the sale under the levy, in order that the mortgagee may have an opportunity to pay the amount of such taxes with the costs incident to the levy, and thus prevent the sale, is mandatory and not merely directory. *Chemical Co. v. Williamson,* 191 N. C., 484, 132 S. E., 146. There was no error in the instruction. The judgment is affirmed.

It may be well to note that the plaintiff is entitled to possession of the property described in the complaint only for the purpose of foreclosing its mortgage by the sale of said property. Whether in accounting for the proceeds of the sale, the plaintiff must pay to the defendant, Julius C. Hubbard, the amount of the taxes and costs paid by him, is not presented in this appeal. It would seem, however, that this amount should be first paid before any part of the proceeds can be applied as a payment on plaintiff's debt secured by the mortgage.

No error.