MAE WILSON, MINNIE WILSON AND RENA WILSON v. G. W. CHANDLER.

(Filed 9 April, 1952.)

**1. Trespass to Try Title § 3: Adverse Possession § 18—**

Where defendant, in an action for trespass, pleads adverse possession of a tract of land, but the allegations of the boundaries of such tract do not cover the land in dispute, defendant is not entitled to introduce evidence of adverse possession of the land in dispute, since such evidence is not predicated upon allegation.

**2. Pleadings § 25—**

The issues arise upon the pleadings, and if a material fact alleged in the complaint is not denied by the answer, such allegation, for the purpose of the action, is taken as true and no issue arises therefrom. G.S. 1-135, G.S. 1-159.

**3. Pleadings § 24c—**

Proof without allegation is as ineffective as allegation without proof, and evidence which is not predicated upon allegation is irrelevant.

APPEAL by defendant from *Bobbitt, J.,* and a jury, at October Term, 1951, of YANCEY.

Civil action to recover damages for alleged trespass on land and wrongful cutting and removal of timber.

These issues were submitted to the jury and answered as indicated:

"Did the defendant trespass upon the land of the plaintiffs and wrongfully cut and remove timber therefrom, as alleged in the complaint? Answer: 'Yes.'

"What damages, if any, are the plaintiffs entitled to recover of the defendant? Answer: '$150.00.' "

From judgment entered upon the verdict, the defendant appealed, assigning errors.

*R. W. Wilson, Bill Atkins,* and *W. E. Anglin for plaintiffs, appellees.*
*George A. Shuford, Charles Hutchins,* and *Fouts & Watson for defendant, appellant.*

JOHNSON, J.   The trial court excluded the defendant's proffered testimony by which he sought to establish title to the *locus in quo* by adverse possession.  The exclusion of this testimony forms the basis of the defendant's chief assignments of error.

The proffered testimony appears to have been excluded on the theory that the pleadings laid no foundation for its reception.  The exceptions thus put to test the sufficiency of the defendant's answer.

It is alleged in paragraph 2 of the complaint: "That the plaintiffs are the owners in fee simple and in possession of" certain described land.

In paragraph 2 of the answer it is stated: "In answer to paragraph 2 this defendant does not know the exact way that the plaintiffs deraign their title, but it is denied that the plaintiffs are the owners of the lands described in paragraph 2, if said lands in any way conflict with the lands of the defendant, and said paragraph is denied insofar as the same is inconsistent with the allegations hereinafter set forth in this answer."

The allegations further set forth in the answer are in part that the defendant is one of the heirs at law of L. E. Chandler, deceased, and that in an action by the heirs at law of L. E. Chandler against J. T. Wilson and others in the Superior Court of Yancey County, involving a boundary line dispute, a judgment was entered in 1923 establishing the boundary line.  The answer contains these further specific averments: "That by said judgment it was decreed that J. T. Wilson and the other defendants in said action were 'declared to be the owners of that portion of the lands lying North and West of the black and red dotted line on the map hereto attached and running from 4 to 2 to 3, . . . The plaintiffs are adjudged to be the owners of all of the lands described in the complaint lying South and East of the line 4 to 2 to 3.'  And reference is hereby made to Judgment Docket No. 7 at page 34 for said judgment which was rendered in 1923, and reference is likewise made to the map which was used at the time said action was tried.  That, if the plaintiffs are claim-

ing any lands lying South and East of the line shown on the above referred to map and running from 4 to 2 to 3, then the matter is *res judicata* and said judgment above referred to is hereby plead as an estoppel against the plaintiffs from asserting any claim of title to any land lying South and East of the above mentioned line.

"3. That in the above entitled cause, tried in the year 1923, the line established in said action, running from 4 to 2 to 3, ran with the top of a ridge and where an old rail fence had once been constructed; and after the Judgment of 1923, J. T. Wilson constructed a new fence along the top of said ridge and located the same where the old rail fence had stood and likewise located said fence in accordance with the verdict of the jury in 1923, which fence is now standing. At no time has this defendant cut any timber North or West of the top of said ridge, but this defendant, together with the heirs at law of L. E. Chandler, has been in the open, adverse and notorious possession of said lands up to the line established by the jury in 1923, have cultivated said lands up to the line so established. And, therefore, the three-year statute of limitations, being Section 1-52, General Statutes of North Carolina, 1943, is specifically plead in bar of the action of the plaintiffs; the seven-year statute of limitations, being Section 1-38, General Statutes of North Carolina, 1943, is specifically plead in bar of the action of the plaintiffs; and the twenty-year statute of limitations, being Section 1-40, General Statutes of North Carolina, 1943, is specifically plead in bar of the action of the plaintiffs."

The plaintiffs offered in evidence the map attached to the 1923 judgment and also the court map made for use in the instant trial below. It would serve no useful purpose to incorporate either of the maps in this opinion. The following description of the line from "4 to 2 to 3" will suffice: The southern terminus of this line is at point "4." From that point the line runs (without stated courses or distances but following the crest of a ridge) in a northeasterly direction to point "2," which is located about N. 55 degrees E., approximately 900 feet from point "4." From point "2" the line continues along the ridge (without stated courses or distances) to point "3," which is located about N. 17 degrees E., approximately 300 feet from point "2."

The plaintiffs also offered evidence tending to show that the defendant in 1948 entered upon and cut timber from a two-acre tract of the land described in the complaint, this tract being identified by the evidence and shown on the maps as being located south and west of the southern terminus of the "4 to 2 to 3" line referred to in the pleadings.

It thus appears from the map referred to in the answer and also from all the admitted evidence in the case that the plaintiffs do not claim any land lying south and east from the "4 to 2 to 3" line referred to in the defendant's answer. The land claimed by the plaintiffs is located south

and west of that line. Accordingly, the answer of the defendant does not deny plaintiffs' allegation of ownership and possession of the land described in the complaint.

It is elementary that issues arise upon the pleadings, and if a material fact alleged in the complaint is not denied by the answer, such allegation, for the purpose of the action, is taken as true and no issue arises therefrom. G.S. 1-135; G.S. 1-159; *Credit Corporation v. Saunders, ante,* 369. The fact alleged stands admitted, "and the effect of the admission is as available to the plaintiff as if found by the jury." *Bonham v. Craig,* 80 N.C. 224, top p. 227; *Tucker v. Wilkins,* 105 N.C. 272, 11 S.E. 575; McIntosh, North Carolina Practice and Procedure, Sec. 460, p. 475.

Likewise, if a fact is alleged by one party and admitted by the other, no issue arises therefrom, "and evidence offered in relation thereto is irrelevant." *Lee v. Martin,* 191 N.C. 401, p. 403, 132 S.E. 14; *Little v. Rhyne,* 211 N.C. 431, 190 S.E. 725; *Geer v. Brown,* 126 N.C. 238, 35 S.E. 470; Stansbury, N. C. Evidence, Sec. 177, p. 380 *et seq.*

It necessarily follows that the court below properly excluded the defendant's proffered testimony by which he was seeking to establish title by adverse possession to the two-acre tract lying south and west of the "4 to 2 to 3" line.

It is true the defendant set up the plea of adverse possession, but in doing so he did not extend the plea to cover the area where the timber was cut,—south and west of the "4 to 2 to 3" line,—to which his proffered proofs relate. Nor does it appear on the record that the defendant either sought or obtained leave to amend. (*Perkins v. Langdon,* 233 N.C. 240, 63 S.E. 2d 565.) Therefore he is bound by the pleadings. *Credit Corporation v. Saunders, supra.* "Proof without allegation is as ineffective as allegation without proof." *McKee v. Lineberger,* 69 N.C. 217, p. 239. See also *McLaurin v. Cronly,* 90 N.C. 50; *Talley v. Harriss Granite Quarries Co.,* 174 N.C. 445, 93 S.E. 995; *Whichard v. Lipe,* 221 N.C. 53, 19 S.E. 2d 14.

We have examined the rest of the defendant's exceptive assignments of error and find them without merit. The pertinent principles of law appear to have been applied properly in a trial in which we find

No error.