C. S. LAMB v. ABNER N. STAPLES, JENNIE STAPLES, ALVIN N. STAPLES AND BETTY STAPLES.

(Filed 17 September, 1952.)

1. **Vendor and Purchaser § 25a—**

Where plaintiff purchaser alleges an agreement by defendant to convey to plaintiff at a stipulated price a certain tract of timber subject to a registered Federal tax lien, with further provision that plaintiff should procure the approval of the Collector of Internal Revenue to such sale within thirty days from the date of the execution of the contract, *held*, upon failure of plaintiff to offer evidence that he obtained approval of the Collector of Internal Revenue within the period stipulated, nonsuit was properly entered, nor would evidence of waiver of the thirty day limitation alter this result in the absence of allegation of waiver.

2. **Waiver § 4—**

As a general rule, when waiver is not pleaded evidence of waiver is inadmissible.

3. **Pleadings § 24c—**

Proof without allegation is as ineffective as allegation without proof.

4. **Evidence § 24—**

The exclusion of evidence not predicated upon allegation cannot constitute prejudicial error.

APPEAL by plaintiff from *Burgwyn, Special Judge,* May Term, 1952, PASQUOTANK.

Civil action to recover for alleged breach of contract. The pertinent facts are stated in the opinion.

From judgment as of nonsuit entered on motion of the defendants at the close of the plaintiff's evidence, the plaintiff appeals, assigning errors.

*Howard W. Dobbins and J. W. Jennette for plaintiff, appellant.*
*J. Henry LeRoy for defendants, appellees.*

JOHNSON, J.   This appeal challenges the action of the lower court in (1) allowing the motion for nonsuit at the close of the plaintiff's evidence, and (2) excluding testimony proffered by the plaintiff.

1. *The Question of Nonsuit.*—The contract declared on binds the defendants to sell and the plaintiff to purchase certain timber on a 1200-acre tract of land in Camden County, North Carolina, for the sum of

$45,000, payable $10,000 cash on delivery of deed, with the balance of $35,000 to be evidenced by note secured by purchase money deed of trust, due 18 months after date, with further provision that the plaintiff, or his assigns, may begin cutting the timber immediately after delivery of deed and continue cutting upon condition that $20 per thousand feet, log measure, be paid on the note each month for the timber "milled or removed."

The land on which the timber was situate was subject to a registered Federal tax lien in amount of $102,301.76, levied and assessed against the defendants Abner N. Staples and wife Jennie Staples.

The parties understood that in order to consummate the sale it was necessary to obtain approval of and release from the Collector of Internal Revenue. As to this, the contract contains in substance these controlling stipulations: (1) That "permission and approval" of the sale by the Collector of Internal Revenue "is hereby made a condition precedent to the validity and effect of this agreement," and (2) that purchaser (the plaintiff) shall have thirty days from the date of the execution of the contract "in which to obtain the permission and approval of the said Collector of Internal Revenue."

Thus, by the express terms of the contract the burden of obtaining approval of the Collector of Internal Revenue was placed on the plaintiff, and he was given only thirty days in which to obtain such "permission and approval."

It is alleged in the complaint in substance that (1) the plaintiff, after so contracting to purchase the timber from the defendants, entered into another contract with one L. E. Collins to sell him the timber on a 295-acre portion of the 1200-act tract for $55,000; (2) that the defendants, after learning of the plaintiff's proposed sale of the 295-acre portion to L. E. Collins, contacted Collins and conspired with him to avoid the contract with plaintiff and proposed to sell the 295-acre portion to Collins direct for $50,000; and (3) that as a result of these dealings, and notwithstanding the Commissioner of Internal Revenue agreed to release and did release the lands and timber from the tax lien for the payment of $45,000, the defendants refused to deal further with the plaintiff, and refused "to convey to the plaintiff the lands (timber) described in the agreement under the terms thereof, thereby breaching the contract which they had with the plaintiff," to his damage in the sum of $100,000.

The record discloses fatal variances between the plaintiff's allegations and the proofs offered below. It nowhere appears in the evidence that the Collector of Internal Revenue ever approved the contract, and such approval was made a condition precedent to performance. This was a valid condition. *Federal Reserve Bank v. Neuse Mfg. Co.,* 213 N.C. 489, 196 S.E. 848; *Insurance Co. v. Morehead,* 209 N.C. 174, 183 S.E. 606;

*Jenkins v. Myers,* 209 N.C. 312, 183 S.E. 529; 12 Am. Jur., Contracts, Sections 296 and 328; 17 C.J.S., Contracts, Sec. 338. See also *Goldston v. Newkirk,* 233 N.C. 428, 431, 64 S.E. 2d 424, 426 and 427.

On the contrary, it affirmatively appears in the evidence that the Collector of Internal Revenue expressly refused to approve the contract. He objected particularly to the stipulation which would permit the deferred balance of $35,000 to be paid as and when the timber was cut. He demanded full payment of the $45,000 before executing the release. This sum was not forthcoming. Besides, the release later executed by the Collector of Internal Revenue, relied on by the plaintiff, appears to have been executed after the expiration of the 30-day period allowed therefor by the terms of the contract. Here, the plaintiff urges that the evidence is sufficient to sustain the inference that the defendants waived the provisions of this 30-day limitation. As to this, it is enough to say there is no allegation of waiver, and the general rule is that when waiver is not pleaded, evidence is inadmissible to prove it. 56 Am. Jur., Waiver, Sec. 18. "Proof without allegation is as ineffective as allegation without proof." *McKee v. Lineberger,* 69 N.C. 217, 239. See also *Whichard v. Lipe,* 221 N.C. 53, 19 S.E. 2d 14; *Wilson v. Chandler,* 235 N.C. 373, 70 S.E. 2d 179.

It follows, then, that the judgment of nonsuit was properly entered.

2. *The Exclusion of Evidence.*—Here the exception relates to a line of proffered testimony given in the absence of the jury by one of the plaintiff's attorneys. The witness related in detail his various efforts to effect a release of the Federal tax lien. The excluded testimony contains a summary of various telephone conversations between the witness and defendants' attorney tending, as plaintiff contends, to show (1) that the defendants waived the provisions of the contract requiring that the approval of the Collector of Internal Revenue should be obtained within thirty days, and (2) that the defendants agreed to modify the contract in other particulars.

This line of proffered testimony is wholly unsupported by the pleadings. The complaint declares on the contract as written. There is no allegation of modification or waiver. Therefore the testimony proffered in respect thereto was not relevant in any aspect of the case. *Wilson v. Chandler, supra.* Accordingly, it is unnecessary for us to discuss the defendants' contention, urged with force, that no sufficient ground was laid for the reception in evidence of these alleged extra-judicial statements of the defendants' attorney. (*Commercial Solvents v. Johnson,* 235 N.C. 237, 241, 69 S.E. 2d 716, 719.)

The rest of the excluded testimony was without probative force as tending to show that the Collector of Internal Revenue approved the contract, as was required by its terms, and this was the crucial issue in the case.

Hence, prejudicial error may not be predicated upon the exclusion of the proffered testimony.

For the reasons given, the judgment below is

Affirmed.