20891

J. T. MARVIN, d/b/a Marvin Transport, Respondent, v. Doyle CONNELLY, Appellant.

(252 S. E. (2d) 562)

*Dallas D. Ball,* Columbia, *for appellant.*

*Harvey, Battey, Macloskie & Bethea,* Beaufort, *for respondent.*

February 22, 1979.

RHODES, Justice:

Respondent, J. T. Marvin, instituted this action, based on breach of warranty of title and misrepresentation of material facts, to recover the price of a refrigeration trailer which he had purchased from the appellant, Connelly. The lower court resolved the issue favorably to respondent. We affirm.

The primary question to be determined is whether appellant breached an implied warranty of title by selling respondent a trailer which, unknown to both parties, had been stolen from its rightful owner.

The undisputed facts reveal that appellant originally obtained possession of the trailer when an unknown individual employed him to make certain repairs on it. After the repairs were made, the vehicle remained unclaimed. In order to satisfy his mechanic's lien for repairs and storage, the appellant brought a foreclosure action in the magistrate's court. At the magistrate's sale on April 7, 1972, appellant was the successful bidder and consummated the purchase. On April 10, 1972, respondent purchased the trailer from appellant for $6,045.52.

It is established that the vehicle was stolen from its rightful owner at some point prior to appellant's original possession of it. This fact, however, was admittedly unknown to both parties until September 14, 1973, at which time the trailer was attached by Northland Insurance Company, which, upon payment of the theft claim to the rightful owner, had been assigned the true title.

Relying upon U.C.C. § 36-2-403(1), appellant initially asserts that he acquired at least a voidable title from the judicial sale which would have ripened into an indefeasible title after sale to respondent. We disagree.

Section 36-2-403(1) states the basic common law rule that a purchaser acquires all of the interest of his transferor.

This U.C.C. section also recognizes that a person with voidable title has power to transfer a good title to a good faith purchaser for value. The concept of "voidable title", however, turns on whether the original owner assented to the transfer. See § 36-2-403, S. C. Reporter's Comments. As such, the section was intended to cover such factual situations as involve the severance of property from a rightful owner who intended to sell, as where there has been a fraudulent impersonation of the purchaser of the property [§ 36-2-403(1)(a)]; or a fraudulent check is given for the purchase price of the property [§ 36-2-403(1)(b)]; or when the sale is induced by fraudulent misrepresentation [§ 36-2-403(1)(d)]. Since the record is devoid of any evidence showing assent by the rightful owner, the appellant failed to show that he purchased the trailer under any of the circumstances contemplated and can not take refuge under the theory of "voidable title". Therefore, the appellant purchased only the title rights belonging to his predecessor, the thief, thereby obtaining no title.

This conclusion is also supported by the common law principle that a person can pass to his successor no greater title than he acquired and, therefore, a thief or even one in the subsequent chain of title cannot grant good title to stolen property even to a bona fide purchaser. *Sun Ins. Office v. Foil,* 187 S. C. 183, 197 S. E. 683 (1938). See also 67 Am. Jur. (2d), Sales § 257 (1973). Annot. 71 A. L. R. (2d) 221 (1960). The law in our state is well settled that where property is sold at a judicial sale, there is no warranty of title flowing to the purchaser and he buys only the interest which the debtor, or in this case, the thief, had in the property. *Gulf Refining Co. v. McCandless,* 118 S. C. 6, 109 S. E. 801 (1921). *Long v. McKissick,* 50 S. C. 218, 27 S. E. 636 (1897).

Appellant's remaining exception alleges error in the failure of the trial judge to designate on which of the two theories he predicated his decision in favor of respondent. However,

it is inferable from the lower court order that the trial judge rested his decision on breach of warranty of title. In any event, we are satisfied that the lower court reached the correct result and under Rule 4, Section 8 of our Rules of Practice, we may affirm upon any ground appearing in the record.

While the appellant argues respondent knew that the trailer had been purchased at a judicial sale and thereby assumed all risks accompanying such sale, including the risk of accepting a defective title, we do not believe that such notice is sufficient to nullify an implied warranty of title which would have automatically flowed from appellant to respondent.

Under terms of U.C.C. § 36-2-312, there is implicit in every contract for sale a warranty that the title conveyed is good unless such warranty is excluded or modified by specific language or by circumstances which would give the buyer reason to know that the person selling does not claim title in himself or that he is purporting to sell only such right or title as he or a third person may have. The text writers have interpreted this U.C.C. section to extend liability to a seller who sells a stolen car. "Moreover, the seller need not be a merchant, and he is not saved by his own ignorance of the defect in his title. Thus, if the plaintiff buyer proves the defective title or the presence of a lien or encumbrance of which he had no knowledge at the time of the sale, he will win." J. White, R. Summers, Uniform Commercial Code, 299-300 (1972).

Affirmed.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.