2089

MOTORS INSURANCE CORPORATION, Respondent v. The STATE of South Carolina, Acting By and Through the DEPARTMENT OF HIGHWAYS AND PUBLIC TRANSPORTATION; Edward F. Willing; B & W Inc.; Kevin Leonard and Kimberly Leonard, Defendants, of which Edward F. Willing and B & W Inc., are Appellants. Appeal of Edward F. WILLING and B & W Inc.

(437 S.E. (2d) 555)

Court of Appeals

*C. LaVaun Fox,* of *Fox and Verenes,* Aiken and *William H. Burkhalter, Jr.,* North Augusta, *for appellants.*

*Dalton H. Watkins,* Columbia, *for respondent.*

Submitted Sept. 7, 1993.

Decided Nov. 8, 1993. Reh. Den. Dec. 16, 1993.

*Per Curiam:*

This is an action to determine title to a motor vehicle. Motors Insurance Corporation sued, among others, Edward F. Willing and B & W Inc., alleging that the body of a stolen vehicle which had been insured by Motors Insurance was now part of another vehicle, the title to which is in the name of Willing and B & W. Motors Insurance seeks title to this other vehicle. The circuit court referred the matter to the master for final judgment with direct appeal. The master found that Motors Insurance had rightful title to the other vehicle. Willing and B & W appeal. We affirm.

The master made the following findings of fact supported by evidence of record. In late 1985, M & M Chevrolet, Inc., not a party to this appeal, bought a 1986 Chevrolet Blazer from General Motors and insured the same with Motors Insurance. The insurance coverage extended to losses from theft. In February, 1986, the Blazer was stolen from the auto dealer's lot. Motors Insurance indemnified the dealer for its loss and was assigned all right, title, and interest in the Blazer. Some time later, Willing and B & W acquired possession of the whole 1986 Blazer from a third party,[1] removed the body, and placed it on a salvaged vehicle that apparently belonged to them. Thereafter, Willing and B & W conveyed title to the salvaged vehicle to Kevin and Kimberly Leonard. Later, however, the Leonards reassigned all of their interest in the salvaged vehicle to Willing and B & W. Motors Insurance seeks title to this vehicle.

---

[1] Although the record does not disclose the identity of this party, this information is not necessary for our review.

## I.

Willing and B & W first contend the master erred in admitting a copy of a "build sheet"[2] and an impression made from a vehicle body part which revealed a "build sequence number." Willing and B & W assert this evidence is hearsay and violates the best evidence rule. Motors Insurance apparently introduced and developed testimony regarding this evidence in order to show that the salvaged vehicle's body came from the 1986 Chevrolet Blazer.

We need not address these evidentiary rulings. Allegations made in a complaint that are not denied in the answer are deemed admitted. SCRCP 8(d); *Fidelity Trust & Mortgage Co. v. Davis*, 158 S.C. 400, 155 S.E. 622 (1930). In its Complaint, Motors Insurance alleged that the 1986 Blazer's body was removed from its frame by an unknown party, that this body was placed on the frame of the salvaged vehicle by an unknown party, and that B & W in turn sold the salvaged vehicle to Kevin and Kimberly Leonard. In their Answer, Willing and B & W do not deny these facts. They merely deny "any wrongdoing" concerning the "vehicle described in the Complaint." They also allege the salvaged vehicle that B & W sold to the Leonards was a "legitimate" vehicle in all respects.

The Complaint does not allege that Willing and B & W made alterations to either of the vehicles. The Answer does not deny the Blazer's body is now a part of the salvaged vehicle. If Willing and B & W lacked sufficient knowledge to form a belief as to the truth or falsity of the facts pleaded in the Complaint, they should have so stated. SCRCP 8(b). Because they did not, these particular allegations of the Complaint are deemed to be admitted. The "build sheet" and impression evidence were not needed to prove the Blazer's body had been placed on the salvaged vehicle. *Wilson v. Chandler*, 235 N.C. 373, 70 S.E. (2d) 179 (1952). Therefore, any error in admitting them into evidence was harmless.

---

[2] As we understand the record, a "build sheet" is a document produced by the automobile manufacturer that lists the specifications for a particular car which it has manufactured. It also contains the vehicle's identification number, production date, and the dealer to whom it will be shipped.

## II.

Because a person can pass to his successor no greater ██ title than he acquired, a thief or one in the subsequent chain of title cannot grant good title to stolen property, even to a bona fide purchaser. *See Marvin v. Connelly,* 272 S.C. 425, 252 S.E. (2d) 562 (1979). Therefore, notwithstanding the body of the 1986 Blazer is now a part of the salvaged vehicle, title to the 1986 Blazer remains with Motors Insurance. At a minimum, therefore, Motors Insurance has title to the body of the salvaged vehicle.

The issue remains, however, whether Motors Insur- ██ ance should be awarded title to the entire salvaged vehicle. Willing and B & W contend that even if the body of the 1986 Chevrolet Blazer is owned by Motors Insurance, the master erred in awarding the entire salvaged vehicle to Motors Insurance. They contend the salvaged vehicle, minus the Blazer body, belongs to them.

Motors Insurance introduced as evidence a valid certificate of title to the 1986 Blazer, which Willing and B & W did not attempt to refute. Moreover, Willing's son testified that when Willing and B & W purchased the 1986 Blazer from a third party, the vehicle's ignition switch was broken out of the steering column. Furthermore, they took the Blazer without a document of title. Finally, Willing and B & W did not introduce any documentation proof they had purchased the 1986 Blazer for value. This evidence supports the master's finding that Willing and B & W were not bona fide purchasers of the 1986 Blazer.

One who obtains possession of a vehicle knowing, or ██ failing to exercise care to ascertain, that the vehicle is stolen property is not entitled to consideration for any money he expends in enhancing its value. *See Bozeman Mortuary Ass'n. v. Fairchild,* 253 Ky. 74, 68 S.W. (2d) 756 (1934); *Ochoa v. Rogers,* 234 S.W. 693 (Tex. Civ. App. 1921). The true owner is entitled to reclaim the property in the condition in which he finds it. *Id.* Because Willing and B & W were not bona fide purchasers of the 1986 Blazer, they are not entitled to any improvements, additions, or enhancements that are now a part of it.

Accordingly, the judgment of the master is

Affirmed.